·[Sac. No. 1236.   Department Two.—January 13, 1906.]

## A. H. CARPENTER, Appellant, v. A. H. ASHLEY, Respondent.

SLANDER—PRIVILEGED COMMUNICATION—QUESTION OF LAW.—In an action of slander, where the facts and circumstances under which the words were spoken were undisputed, the question whether they are privileged is one of law for the court to determine; and it was error to submit it to the jury.

ID.—CHARGE OF PERJURY AND SUBORNATION OF PERJURY.—Upon trial of a prosecution for larceny in the justice's court words spoken by the district attorney charging the opposing counsel with perjury and subornation of perjury are not privileged.

ID.—EVIDENCE—NEWSPAPER ARTICLES.—Newspaper articles purporting to state what the defendant had said were properly excluded from evidence against him.

APPEAL from a judgment of the Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, Appellant, *in pro. per.*

R. C. Minor, and Nicol & Orr, for Respondent.

McFARLAND, J.—Action of slander. The verdict and judgment were for defendant, and from the judgment plaintiff appeals.

It was averred in the complaint that on January 23, 1901, at the city of Stockton, in the presence and hearing of divers persons, defendant spoke and published concerning plaintiff the following words: "You have committed perjury." "You

have committed subornation of perjury." "You are guilty
of subornation of perjury." "I charge you with subornation
of perjury." "I will have your case presented to the grand
jury." That on the next day, January 24, 1901, he spoke
and published said words in the presence of divers persons.
That said words were false, etc. Defendant, in his answer,
denies that he spoke the words, and upon that issue the
evidence was conflicting, so that if the only question in the
case was whether the words were spoken as charged, the
verdict and judgment could not be disturbed. There are,
however, other questions in the case. The record presents
numerous exceptions to rulings of the court in passing upon
the admissibility of evidence and instructing the jury; but
the only point made by appellant which calls for much con-
sideration arises out of the instructions to the jury on the
subject of "privileged publications." Respondent set up as
a defense that whatever words were spoken by him at the
time stated in the complaint were privileged publications, be-
cause made in the "proper discharge of official duty," and
in a "judicial proceeding," within the meaning of the pro-
visions of section 47 of the Civil Code. The jury may have
found that the words were spoken as alleged, but were
privileged; and therefore the instructions as to the privilege
are important.

The facts and circumstances under which the words were
spoken were undisputed; and therefore the question whether
they were privileged was a question of law for the court to
determine. The words were spoken by respondent, if at all,
while, as district attorney, he was conducting in a justice's
court the trial of the criminal case of the people against
Arthur Ennis, charged with petit larceny; and the plaintiff,
Carpenter, who is an attorney at law, was conducting the
defense of said Ennis. He was not a witness in the case.
During the progress of that trial the defendant herein di-
rected the sheriff to arrest one Stennett for an alleged crime,
and plaintiff herein characterized the act of ordering the
arrest as going beyond the legitimate means and "bulldoz-
ing"; and thereupon—if the averments of the complaint
herein and the testimony of plaintiff are true—defendant
herein used the words above quoted. Sometimes the question
of privilege is one of mixed fact and law, and in such case it

is proper for the court to submit it to the jury with proper instructions; but where, as in the case at bar, the facts touching the circumstances under which the alleged defamatory words are spoken are not in dispute, the question is for the court. In Townsend on Slander and Libel (3d ed., p. 332) the rule is correctly stated as follows: "The facts being uncontroverted, the court is to determine whether or not the publication is privileged." But in the case at bar the court refused to determine whether the publication was privileged, and left that question to the jury; and in so doing the court erred. This ruling was made in various forms. In the first place, defendant asked for several instructions which should have been given as presented; but the court, against the objections of plaintiff, inserted in them the qualifications "that said words were not privileged," and "unless the jury find the publication thereof was privileged." The court refused to instruct, at plaintiff's written request, that if the alleged words were spoken during the trial of People *v.* Ennis, as hereinbefore stated, they were not privileged. The following instruction asked by plaintiff was refused: "The jury are instructed that the question of whether the plaintiff had committed perjury or subornation of perjury was not under consideration in the case of People *v.* Arthur Ennis, wherein the slanderous words are alleged to have been spoken by the defendant herein, and therefore anything that the defendant in this case may have said at that trial, in the presence of others in relation to whether the plaintiff had committed perjury or subornation of perjury would not be privileged." The court also instructed the jury, at the request of defendant, as follows: "No action will lie against a public officer for any words spoken or published by him in the proper discharge of his official duty. No action will lie against a district attorney for any words spoken or published by him during the proper discharge of his official duties as district attorney and in the course of a judicial proceeding in which he in his official capacity is engaged." There were other instructions and refusals to instruct on the same lines as the above; but the foregoing references are sufficient to show that the court left to the jury the whole question whether or not the alleged defamatory words were privileged.

There is some authority to the point that the privilege of

counsel when trying a case to speak defamatory words is unqualified and absolute; that is, that he has free, unbridled license to defame whomsoever he pleases, whether or not the person defamed be a witness or party in the pending action or a stranger, and whether or not the defamatory matter be in any way pertinent or relevant to the subject-matter of inquiry in the action or has any reference thereto. This doctrine would work intolerable wrong to innocent persons who would be without any remedy, or, as said in *Hastings* v. *Lusk*, 22 Wend. 410, [34 Am. Dec. 330], it would be to furnish counsel "with a shield of Zeus, and thereby to enable them with impunity to destroy the character of whomsoever they please." The great weight of authority, however, is that this privilege is not absolute, but is limited to words which have some reasonable pertinency or relevancy or reference to the matter involved as the subject-matter of the pending action. Blackstone (book 3, p. 29) says: "A counsel is not answerable for any matter by him spoken, relative to the cause in hand, and suggested in his client's instructions, although it should reflect upon the reputation of another, and even prove absolutely groundless; but if he mentions an untruth of his own invention, or even upon instructions, if it be impertinent to the cause in hand, he is then liable to an action from the party injured." In *Hastings* v. *Lusk*, 22 Wend. 410, [34 Am. Dec. 330], Chancellor Walworth said: "Upon a full consideration of all the authorities on the subject, I think that the privilege of counsel in advocating the causes of their clients, and of parties who are conducting their own causes, belongs to the same class where they have confined themselves to what was relevant and pertinent to the question before the court." There are numerous authorities to the same point; but as they are nearly all referred to and collated in the leading case on the subject of *Maulsby* v. *Reissnider*, 69 Md. 143, [14 Atl. 505], we will content ourselves with referring to that case and the authorities there cited; and we agree with the court in that case in holding that "the privilege of counsel in the trial of a cause is not absolute and unqualified, and slanderous words were spoken by him having no relation or reference to the cause in hand or to any subject-matter involved therein are actionable." And it is quite clear that in the case at bar the defamatory words

alleged to have been spoken by the defendant of plaintiff, who was simply an opposing attorney in the case at hand, had no pertinency, relevancy, or reference to the charge of larceny in the pending action of People *v.* Ennis, which was the subject-matter of inquiry in that action; he had no more privilege to use the defamatory words alleged than he would have had to charge plaintiff with robbery, rape, or murder.

There are no other points calling for much special notice. The record contains a great deal of irrelevant matter. The court was right in excluding certain newspaper articles purporting to state what the defendant had said; he was not responsible for those articles, and they were not admissible evidence against him. We see no errors in the other instruction,—at least none of any consequence, except of course those which come within the rule above stated as to privileged publications. And if there should be another trial, no doubt much of the matter which appears in the present transcript will be left out of the evidence. There were no rulings on the admissibility of evidence which seem to be important or material, at. least, as the case was presented; but of course on another trial the case might assume a different phase, and the rulings have more significance.

The judgment appealed from is reversed.

Lorigan, J., and Henshaw, J., concurred.