[Civ. No. 7099. First Appellate District, Division Two.—November 20, 1929.]

HARRY M. IRWIN, Appellant, v. NATHAN NEWBY et al., Respondents.

Wm. A. Alderson and John C. Packard for Appellant.

Newby & Palmer and Newby & Newby for Respondent Stockwell.

Dee Holder for Respondents Palmer and Newby.

KOFORD, P. J.—In this action .defendants' demurrer to plaintiff's complaint was sustained. A judgment of dismissal followed, and the plaintiff has appealed. The action was for libel. The main point of the demurrer was that the complaint showed upon its face that the alleged defamatory matter was privileged under the provisions of subdivision 2 of section 47 of the Civil Code, which makes a publication privileged if made in a judicial proceeding. It appears from the face of the complaint that the alleged libelous matter was published in the allegations of a cross-complaint filed by the respondent B. C. Stockwell and respondents Newby and Palmer, her attorneys, in a previous action entitled McAlvay v. Consumers Salt Company (a corporation) and B. C. Stockwell. The appellant contends that the privilege given by subdivision 2 of Civil Code, section 47, has an exception, and that the alleged defamatory matter comes under the exception. The exception is that such privilege given to judicial proceedings will not be allowed to serve as a cloak to conceal a palpable libel where not necessary to preserve the legitimate freedom of action of the parties in a judicial proceeding. In *Carpenter* v. *Ashley*, 148 Cal. 422 [7 Ann. Cas. 601, 83 Pac. 444, 445], it is stated: "The great weight of authority, however, is that this privilege is not absolute, but is limited to words which have some reasonable pertinency or relevancy or reference to the matter involved in the subject matter of

the pending action. . . . the privilege of counsel in the trial of a cause is not absolute and unqualified, and slanderous words spoken by him having no relation or reference to the cause in hand or to any subject matter involved therein are actionable.''

The complaint tells the following things about the litigation leading up to the alleged libel: B. D. McAlvay obtained a judgment of $16,000 against V. E. Stockwell in action number 147367. Under execution issued in that case the sheriff sold all the interest of said V. E. Stockwell in 225,-000 shares of the capital stock of Consumers Salt Company. In all the proceedings in said action the plaintiff and appellant herein was the attorney for the plaintiff McAlvay therein. Said McAlvay next instituted action number 184338 against said Consumers Salt Company and B. C. Stockwell, and "the sole issue made by the pleadings in said action number 184338 is whether at the time of the levy of the said execution . . . said B. C. Stockwell was the owner of said 225,000 shares . . . as her separate property or whether said V. E. Stockwell was the owner of said 225,000 shares at said time either as his separate property or as community property." In said action B. C. Stockwell, defendant therein, filed a cross-complaint signed by herself and the other defendants, her attorneys therein. It contained the matter which is alleged to be libelous. We quote it as it is quoted in the complaint herein:

"Cross complainant avers that the said B. D. McAlvay and the said Harry M. Irwin and A. H. Rose fraudulently proceeded with said pretended sheriff's sale with the intent and purpose of robbing this cross complainant of her interest in the said two hundred twenty-five thousand (225,000) shares of the capital stock of said Consumers Salt Company. . . . and as the price and award for a successful conspiracy to wrongfully deprive this complainant of her property."

Emphasis is made of the fact that the complaint states that the libelous matter was in a pretended cross-complaint, but the cross-complaint is not so characterized uniformly in the complaint. Whatever force should be given to the adjective "pretended" in this case, the other allegations in the complaint show that the libelous matter was in a

pleading filed by the defendant in an action which put in issue the title to certain capital stock in which said defendant claimed an interest. It is of no consequence in this action whether it was stated in a cross-complaint or stated in an answer as a matter of defense.

■ It fairly appears from the face of the complaint that the alleged libelous matter was published in a judicial proceeding either in a cross-complaint or some other pleading filed by B. C. Stockwell, a defendant therein. From this fact it follows that the matter was privileged unless the matter was such as to come within the claimed exception to the privilege granted by Civil Code, section 47, subdivision 2. It was, therefore, incumbent upon appellant herein to go still further with allegations of fact in his complaint in order to show that the matter was not privileged.

■ While the plea of privilege is a defense, the privilege may be raised by demurrer when the complaint shows that the publication of the alleged libel was made in a judicial proceeding or comes under either subdivisions 1 or 2 of Civil Code, section 47. (*Stevens* v. *Snow,* 191 Cal. 58, 64 [214 Pac. 968], and cases cited; *Reid* v. *Thomas,* 99 Cal. App. 719 [279 Pac. 226].)

■ Appellant claims that his complaint meets this test. He does not rely upon the general allegations in the complaint which allege that the libelous matter was not pertinent, relevant, material or a matter of defense which said B. C. Stockwell was entitled to file in said action. . These allegations would not overcome statements of detailed facts in the complaint if such facts would make the matter privileged. There is also an allegation in the complaint herein that the court struck out the alleged libelous matter upon the ground that it was immaterial, irrelevant and sham, but the allegation falls short of alleging such finality to the order as would make it a binding judgment against B. C. Stockwell. It is not alleged that said order has not been vacated or set aside nor has become final. To show that the matter was irrelevant and immaterial, appellant especially relies upon the point that the sheriff is alleged to have sold all the interest of said V. E. Stockwell in said shares of stock. It is argued that this means that the interest of B. C. Stockwell was not affected; that because

her property was not sold she could have no cause of action on account of the sale. The mere fact that the alleged defamatory matter is irrelevant as a matter of law or that it is insufficient as a defense does not bring it within the exception contended for by appellant. It must go further. As· stated in *Carpenter* v. *Ashley, supra,* it must have no reasonable pertinency to the matter involved in the subject matter of the pending action and have no relation or reference to the cause in hand. In *Taylor* v. *Iowa Park Gin Co.,* (Tex Civ. App.) 199 S. W. 853 at 855, the kind of relevancy meant by the rule is thus explained: ''As to the degree of relevancy or pertinency necessary to make alleged defamatory matter privileged, the courts favor a liberal rule. The matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and improperiety. In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issues presented by the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial. The fact that the person alleged to have been defamed in the pleadings is not a party to the proceedings has been held not to detract from the privileged character of the publication.''

Measured by the rule as thus explained, it follows that the respondent B. C. Stockwell, as a defendant in the previous action, and her attorneys therein, were acting within the privilege accorded judicial proceedings. The judgment sought against her in that action would estop her from asserting title to the capital stock sold under execution. She claimed an interest in it. She claimed the sale was a fraud upon her. She had a right to say so and plead it in her defense. In doing so she was acting within the privilege even though her pleading may have been insufficient as a matter of law.

In taxing costs the court awarded one hundred dollars attorney fees to each of two defendants who appeared separately. Such attorney fees are allowed as costs under the terms of Statutes of 1871–72, page 533, Deering's General Laws, 1923, Part One, page 1620. The constitutionality of this law has been upheld. (*Smith* v. *McDer-*

*mott,* 93 Cal. 421 [29 Pac. 34]; *Gaffey* v. *Mann,* 5 Cal. App. 712 [91 Pac. 172].) The fact that there is but one plaintiff and two or more defendants does not require an interpretation of the statute which will permit a total of but one hundred dollars attorney fees for defendants to be divided amongst them. While appellant states that such a construction is necessary in order to avoid an unconstitutional discrimination between parties plaintiff and defendant, the respondents state that the construction contended for by appellant would itself lead to such a discrimination by giving a successful plaintiff more for his attorney than a successful defendant who might be jointly sued with others without any choice on his part. The interpretation asked for by appellant was disapproved in *Hills* v. *Shaffer,* 96 Cal. App. 520 [274 Pac. 388]. The one hundred dollars attorney fees is properly awarded as costs to any successful party.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1929, and the following opinion then rendered thereon:

THE COURT.—There is some confusion in the minds of counsel for the parties hereto as to the use of the terms absolute and qualified privilege which appear in some of the decisions cited in the opinion filed herein. The privileged publications defined in subdivisions 1 and 2 of Civil Code, section 47, are called cases of absolute privilege. Those defined in subdivisions 3, 4 and 5 of that section are called cases of qualified privilege because the section expressly limits the privilege to publications made without malice. (*Stevens* v. *Snow,* 191 Cal. 58, 64 [214 Pac. 968]; *The Hale Co.* v. *Lea,* 191 Cal. 202, 205 [215 Pac. 900].) ■ A publication in a judicial proceeding is absolute because subdivision 2 gives no qualification. Appellant herein claims that the court in the case of *Carpenter* v. *Ashley,* 148 Cal. 422 [7 Ann. Cas. 601, 83 Pac. 444], has by judicial decision engrafted an exception to the privilege of subdivision 2.

The expressions "not absolute and unqualified" and "not absolute but is limited" as used in the Carpenter case, do not have the same meaning as when used in comparing the first two subdivisions of Civil Code, section 47 with the other subdivisions. As used in the case cited, they simply convey the meaning that if the defamatory words "have no relation or reference to the cause in hand or to any subject matter involved therein" then such defamatory words are not *in fact* published *in a judicial proceeding* even though such defamatory words are published during the progress of a trial and in the very courtroom where the cause is on trial. Comparable to the *Carpenter* v. *Ashley* case would be a decision that a publication without malice in a communication to a person interested therein would not be privileged under subdivision 3 if it was held under certain facts that the person said to be interested was not in fact interested; or that a report which had the appearance of having been published in a public journal was not in fact made in a journal which was a public one within the meaning of subdivision 4.

If a complaint pleads facts which show the publication was made in a judicial proceeding it does not state a cause of action unless it goes further and pleads other facts which show that in contemplation of law the publication was not in fact made in a judicial proceeding although made in court. In the instant case the complaint shows both that the publication was made in court and also that it was an integral part of a judicial proceeding and that it was germane and relevant to the cause on trial within the meaning and contemplation of the law of privileged communications.

The petition for rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1930.

All the Justices concurred.