[Civ. No. 6486. Second Appellate District, Division One.—May 5, 1931.]

NATALE MERAVIGLIA, Appellant, v. J. F. BOVEE, Respondent.

Walter F. Lynch and Ernest Spagnoli for Appellant.

E. F. Gerecht for Respondent.

BISHOP, J., *pro tem.*—The only question presented by this appeal is the soundness of the court's ruling in sustaining a demurrer to plaintiff's second amended com-

plaint. Two causes of action are therein set up, both based upon slander, and nether susceptible of interpretation as hinting at any other cause of action. ■ Among other grounds of demurrer was the plea that the statute of limitations had run against the two causes, specific reference being made to subdivision 3 of section 340 of the Code of Civil Procedure, which prescribes a limitation of one year. The slanderous words were uttered, according to the complaint, in August of the year 1915. From October of that year until March, 1922, the complaint further recites, plaintiff was imprisoned in the state penitentiary at Folsom. During this period the statute of limitations was not running. (Sec. 352, subd. 3, Code Civ. Proc.) It had run prior to May, 1924, however, when the second amended complaint was filed. (Sec. 340, subd. 3, Code Civ. Proc.)

The record filed with us contained no pleading of plaintiff's other than the second amended complaint. On an appeal presenting the question here at issue, the original complaint is properly a part of the judgment-roll. (*Dougall* v. *Schulenberg*, (1894) 101 Cal. 154 [35 Pac. 635].) Of our own motion we ordered a certified copy of the original complaint made a part of the record (*California Wine Assn.* v. *Commercial etc. Co.*, (1910) 159 Cal. 49, 54 [112 Pac. 858]; sec. 953, Code Civ. Proc.), and find that the original complaint was filed in September, 1922, within the period allowed. If the changes made by the second amended complaint do not result in pleading a new or different cause of action from that appearing in the original complaint, the statute had not run, for the date of filing the original complaint is the line by which the running is measured. (*Mohn* v. *Tingley*, (1923) 191 Cal. 470 [217 Pac. 733].)

■ The original complaint did not attempt to state separately two causes of action, as does the latest one, but it contains allegations from which the present causes of action can trace direct descent. The first cause of action is based on defendant's unfounded outcry with reference to plaintiff: "Look what this man has done! He has murdered my friend in cold blood." The speaking of these same words is alleged in the original complaint, with an explanation that the homicide referred to was done in self-defense.

The second cause of action is predicated upon the uttering of the false statements that plaintiff had chased some miners with a broad ax, that he was a hard character, and that he had, and boasted of having, killed three or four men. In the original complaint there were additional allegations to the effect that these statements were made in the course of plaintiff's trial on a murder charge, and resulted in his being found guilty of manslaughter. It is difficult to determine just the theory upon which plaintiff was proceeding. But looking at the original complaint from the viewpoint of the present cause. of action for the purpose of determining whether or not the amended cause is a new one, we find all of its essential allegations contained in the original pleading. The main difference between the two is that the first complaint revealed that the words were uttered in a judicial proceeding, which would ordinarily make them privileged, without further showing that they were so irrelevant as not to be privileged. (See *Irwin* v. *Newby*, (1929) 102 Cal. App. 110 [282 Pac. 810, 283 Pac. 370].) The complaint under review omits all facts which raise the problem of privilege. As privilege is a defense which must be pleaded to be available (*Stevens* v. *Snow*, (1923) 191 Cal. 58 [214 Pac. 968]), this second cause of action is now complete and is free from the fatal elements present on its first appearance. So viewing the original complaint, we find that neither a new nor a different cause of action is presented by the amended pleading, and the statute is not a bar.

The judgment is reversed, and the trial court instructed to enter an order overruling the demurrers to both causes of action in the second amended complaint.

Conrey, P. J., and Houser, J., concurred.