[Civ. No. 9494.   First Appellate District, Division One.—December 24, 1935.]

WILLIAM K. DONNELL, Appellant, v. WALTER H. LIN-FORTH et al., Respondents.

Vincent W. Hallinan, James J. Roach and William F. Herron for Appellant.

Philip Selig, Jr., and Anthony Brazil, as *Amici Curiae* on Behalf of Appellant.

Jesse H. Miller, Walter H. Linforth and William M. Cannon for Respondents.

GRAY, J., *pro tem.*—The plaintiff in a libel action appeals from an adverse judgment granted after the demurrers of the defendant Market Street Railway Company and of the defendants Walter H. Linforth and William M. Cannon had been sustained without leave to amend. In brief, the complaint alleged that, in an action for personal injuries brought against the defendant Market Street Railway Company, plaintiff had previously testified against such defendant; that such defendant and the other defendants, as its attorneys, in support of a motion for a new trial, had filed in such action two affidavits, which stated that plaintiff had stolen hogs from one of the affiants; and that such statements were false, defamatory and not pertinent or relevant to any matter in issue in such action. It is not disputed that the statements, if false and unprivileged, were libelous *per se.* (*DeWitt* v. *Wright,* 57 Cal. 576.)

Section 45 of the Civil Code provides, in part, that "libel is a false and *unprivileged* publication". The pertinent part of section 47 of the same code reads as follows: "A *privileged* publication is one made . . . 2. In any . . . (2) judicial proceeding . . . " (Italics ours.) If, as defendants argue, this privilege is absolute, the demurrers were properly sustained, for the complaint alleges that the defamatory matter was contained in affidavits filed in a judicial proceeding. On the other hand, if this privilege extends only to defamatory words which are relevant or pertinent to the judicial proceeding, as plaintiff contends, the demurrers should have been overruled. The question to be decided, then, is the extent of the privilege granted by section 47. The problem being the proper construction of this section, it is useless to discuss the decisions of other states upon this matter.

In *Moore* v. *United States F. & G. Co.,* 122 Cal. App. 205 [9 Pac. (2d) 562], this court held that statements contained in a complaint were not libelous, because the wording of the section makes the privilege absolute. The statement of an additional ground for the decision—to wit, that the de-

famatory matter was material and pertinent—does not make the former ground *obiter dicta*. (*Camron* v. *Kenfield,* 57 Cal. 550; *King* v. *Pauly,* 159 Cal. 549 [115 Pac. 210, Ann. Cas. 1912C, 1244].) This decision is in accord with that of the Third District found in *Reid* v. *Thomas,* 99 Cal. App. 719, 721 [279 Pac. 226], where it is said: "The alleged libelous matter, consisting of the charge of insanity, appears on the face of the complaint in this action. It was alleged to have been filed in a judicial proceeding in a justice's court, and was, therefore, absolutely privileged. (Sec. 47, Civ. Code.)" Relying particularly on the case of *Carpenter* v. *Ashley,* 148 Cal. 422 [83 Pac. 444, 7 Ann. Cas. 601], plaintiff argues that these decisions enunciate a rule contrary to that stated by the Supreme Court. In that case, the district attorney, in a larceny trial, had charged defendant's attorney with committing and suborning perjury. The holding is found in the following excerpt therefrom (p. 425): "And it is quite clear that in the case at bar the defamatory words alleged to have been spoken by the defendant of plaintiff, who was simply an opposing attorney in the case at hand, had no pertinency, relevancy, or reference to the charge of larceny in the pending action of *People* v. *Ennis,* which was the subject matter of inquiry in that action; he had no more privilege to use the defamatory words alleged than he would have had to charge plaintiff with robbery, rape, or murder." No consideration was given of the code section or earlier California cases but the cases cited are from eastern states. Nor has this case been subsequently cited, except in the case of *Irwin* v. *Newby,* 102 Cal. App. 110 [282 Pac. 810, 283 Pac. 370], where it was held that charges of fraud contained in a pleading were absolutely privileged by the code section. In answer to the claim that the Carpenter case has, by judicial decision, engrafted an exception to the privilege given by the code, the court said they understood that decision to hold that if the defamatory words have no relation or reference to the cause at hand or to any subject matter involved therein, then such defamatory words are not in fact published in a judicial proceeding even though such defamatory words are published during the progress of a trial and in the very courtroom where the cause is on trial.

The Supreme Court in *Gosewisch* v. *Doran,* 161 Cal. 511 [119 Pac. 656, Ann. Cas. 1913D, 412], stated that it was un-

necessary to decide whether allegations of a complaint charging misappropriation and embezzlement of corporate funds were absolutely or qualifiedly privileged because it found such allegations to be relevant and material. However, its review of the three earliest California cases is so apt as to warrant repetition (p. 513): ''The prevailing rule in England and in some of the American states has been that the privilege attaching to defamatory statements made in the course of judicial proceedings is absolute. Townshend, in his work on Slander and Libel, states, at section 221, that he believes the 'better and prevailing rule to be that for any defamatory matter contained in a pleading in a court of civil jurisdiction no action for libel can be maintained'. (Citing cases.) On the other hand, many courts in this country have limited the privilege to declarations pertinent and material to the matter in controversy. (Citing cases.) And this limitation of the rule was applied in a case arising in this state prior to the amendment of 1874 to section 47 of the Civil Code. (*Wyatt* v. *Buell,* 47 Cal. 624.) The language of subdivision 2 of the amended section, is, however, broad and unrestricted in its terms, and this court, in *Hollis* v. *Meux,* 69 Cal. 625 [11 Pac. 248, 58 Am. Rep. 574], suggested a doubt as to whether the legislature, by enacting that subdivision, intended to change the rule announced in *Wyatt* v. *Buell,* so as to render communications made in a judicial proceeding absolutely privileged. The court concluded, in the Hollis case, that the charges there made were relevant and material to the proceeding in which they were published, and therefore found it unnecessary to resolve this doubt. It may, however, be remarked that in *Ball* v. *Rawles,* 93 Cal. 222, 236 [28 Pac. 937, 27 Am. St. Rep. 174], the privilege is declared to be absolute, and *Hollis* v. *Meux* is cited as authority for the declaration.'' The case of *Ball* v. *Rawles, supra,* has been repeatedly followed and never criticized or overruled.

■ In the course of its reasoning the Supreme Court has recognized in at least four cases that the privilege provided in section 47, subdivision 2, is absolute. (*Snively* v. *Record Publishing Co.,* 185 Cal. 565, 577 [198 Pac. 1]; *Stevens* v. *Snow,* 191 Cal. 58, 64 [214 Pac. 968]; *Hale Co.* v. *Lea,* 191 Cal. 202, 205 [215 Pac. 900]; *Layne* v. *Kirby,* 208 Cal. 694, 696 [284 Pac. 441].) In similar manner, the same recognition is found in *Meraviglia* v. *Bovee,* 113 Cal. App. 752, 754

[298 Pac. 1040]; *Longsworth* v. *Curzon,* 56 Cal. App. 489, 494 [206 Pac. 779]. It may be conceded that the statements in these cases are *obiter dicta,* but it does not follow that therefore they should be discarded. The recognition of the absolute character of the privilege has some persuasive, if not authoritative, force. (*San Joaquin etc. Irr. Co.* v. *Stanislaus,* 155 Cal. 21 [99 Pac. 365].) The cases which declare the rule of absolute privilege differ from the present because in the former the person libeled was a party to the proceeding in which the defamatory matter was published, and in the instant case, plaintiff was merely a witness. The code section, however, does not make any distinction. Since the language of the section is clear, plain and unambiguous, there is no need for construction or interpretation and its literal wording must be followed. (23 Cal. Jur. 721.) It would appear, therefore, that the alleged defamatory matter contained in that affidavit was privileged.

The complaint sets forth but a part of the affidavits. It is true that the complaint alleges that the statements set forth were not pertinent or relevant to any issue involved in the action, in which the affidavits were filed. This allegation is a mere conclusion of law, which is not admitted by the demurrers. (*Gosewisch* v. *Doran, supra.*) "If a complaint pleads facts which show the publication was made in a judicial proceeding it does not state a cause of action unless it goes further and pleads other facts which show that in contemplation of law the publication was not in fact made in a judicial proceeding although made in court." (*Irwin* v. *Newby, supra,* at p. 116.)

The demurrers having been properly sustained, the judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1936.