[Civ. No. 5243. Fourth Dist. Jan. 5, 1956.]

JERENE APPLEBY HARNISH et al., Appellants, v. OREGON SMITH, Respondent.

Wilson & Wilson for Appellants.

Oregon Smith, in pro. per., and Jack B. Tenney for Respondent.

GRIFFIN, J.—Plaintiffs and appellants appeal from a judgment in favor of defendant and respondent in a slander action. Plaintiffs were the owners of "The Daily Report," a newspaper published in Ontario. Defendant was a member of the city council of said city. The complaint alleges that on July 20, 1953, "at a regular meeting of the Mayor and City Council of said City, in the Council Room, in the City Hall, in said City, at which time there were present the Mayor and Members of the City·Council of said City and members of the general public, the defendant, in a loud and angry voice and within the hearing of all persons present in said Council Room, falsely and maliciously said and stated of and concerning the plaintiffs: 'That the local paper instigated the controversy; that these men are just being used as pawns by this paper; that the paper without any question is following the Communist party line and has created more chaos and discord in what was once a happy city; that there is nothing wrong with the Fire Department except that The Daily Report wants to cause trouble." Then follows conclusions of the pleaders as to what these utterances meant, as to whom and to what they referred. They allege that said accusations were, and were known by defendant to be, false and untrue, and were wilfully made with malice, for the purpose of injuring plaintiffs. Claimed damages are alleged.

Defendant answered, denied generally these allegations, and as a separate defense alleged the statements described were true and that such statements were made by defendant

in the proper discharge of his official duties as a public officer, to wit, a member of the city council of the city of Ontario, and that the same therefore were and are absolutely privileged and not a subject of suit for alleged defamation, under the provisions of subdivision 1 of section 47 of the Civil Code, and in connection with an inquiry into the condition of affairs of the fire department and were relevant to the matter under discussion. The answer was thereafter amended to include the statement that since the filing of defendant's answer "The Daily Report has followed the Communist Party line."

A jury was sworn to try the cause, a witness was sworn on behalf of plaintiffs, and questions were propounded to him. Objection was made by defendant to the introduction of any testimony on the ground that the complaint did not state a cause of action. The trial court sustained the objection and counsel for plaintiffs then stated in open court that the complaint "couldn't be improved by any amendment I know of." Judgment was entered in favor of defendant and plaintiffs appealed.

It is plaintiffs' position, on this appeal, that the complaint does not set forth the nature of the controversy before the city council or that plaintiffs had any interest therein except as members of the general public; that a solution of that controversy could not be affected by the statements of the defendant, regardless of whether they were true or false; that defendant contributed nothing to the solution or settlement of the controversy by his defamatory statements; that by the mere fact alone that defendant was a member of the city council, he had no absolute privilege to make any statements he desired without regard to their relevancy to any matter under official consideration and he could not, with impunity, voice his opinions on any subject even though they were expressed at a meeting of the legislative body of which he was a member; that since this was pleaded as an affirmative defense the court was unauthorized to grant defendant's motion.

Section 47 of the Civil Code provides in part: "A privileged publication is one made—1. In the proper discharge of an official duty. 2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law. . . ." Plaintiffs contend that by the use of the preposition "in," used in any legislative proceeding, the Legislature clearly contemplated that the privilege extends

only to statements which are a part of an official proceeding; that it was the legislative intent that the privilege should extend, not to every remark made by a member of an official body at a meeting thereof, but only to statements which have some relation to the matters under official consideration. They contend that this absolute privilege is qualified to this extent and cite 16 Cal.Jur. page 66, section 37, which cites *Carpenter* v. *Ashley,* 148 Cal. 422 [83 P. 444, 7 Ann.Cas. 601] ; and *Gosewisch* v. *Doran,* 161 Cal. 511 [119 P. 656, Ann. Cas. 1913D 442], as supporting that statement.

In *Irwin* v. *Newby,* 102 Cal.App. 110 [282 P. 810, 283 P. 370] (hearing denied by the Supreme Court) the court went further and held that the privilege was absolute and explained and distinguished the rule announced in *Carpenter* v. *Ashley, supra.* In the Irwin case the court placed the burden on the plaintiff to both *plead* and prove that ''in contemplation of law the publication was not in fact made in a judicial proceeding although made in court.'' As will be noticed, in the instant proceeding, plaintiffs specifically alleged that the claimed utterances were made by defendant as a member of the city council, at a regular meeting of its members. Although plaintiffs did allege that these statements were false and untrue, nowhere in the complaint did they allege that they were *unprivileged* nor did they recite any facts which would indicate that they were *unprivileged.* The facts recited rather indicate that they were privileged. Since plaintiffs proceeded to trial on such a complaint and announced that the complaint could not be otherwise amended, the complaint did not state a cause of action against defendant under the circumstances pleaded and the judgment was proper.

As will be noted, in section 46 of the Civil Code (slander, what constitutes), slander is defined as ''a false and *unprivileged* publication . . .''

In *Irwin* v. *Newby, supra,* at page 116, it is said:

''If a complaint pleads facts which show the publication was made in a judicial proceeding it does not state a cause of action unless it goes further and pleads other facts which show that in contemplation of law the publication was not in fact made in a judicial proceeding although made in court.'' And at page 113: ''. . . it follows that the matter was privileged unless the matter was such as to come within the claimed exception to the privilege granted by Civil Code, section 47, subdivision 2. It was, therefore, incumbent upon appellant herein to go still further with allegations of fact

in his complaint in order to show that the matter was not privileged.''

█ Plaintiffs' final contention that a stranger to the controversy or subject matter lifts the immunity provided by section 47, subdivision 2 of the Civil Code from the maker of alleged defamatory statements, is without merit since the allegations of the complaint fail to make any specific reference whatsoever indicating that plaintiffs were ''strangers'' to both the controversy and subject matter of the discussion before the city council.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied January 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied February 29, 1956.