[Civ. No. 5740.    Fourth Dist.    Oct. 29, 1958.]

MARIANNE WHELAN, Appellant, v. CHARLES F. WOLFORD et al., Respondents.

Milo Marchetti, Jr., for Appellant.

Preston Turner and Phillip R. McGraw for Respondents.

GRIFFIN, P. J.—This action, filed May 1, 1956, arose out of proceedings before the Santa Ana Planning Commission involving an application made and filed by plaintiff's husband for a use variance in connection with certain real property allegedly owned by plaintiff and her said husband in the city of Santa Ana. The complaint purports to make out a case in libel and slander based on certain alleged defamatory matter contained in a certain writing bearing the signatures of the defendants and others, which writing was presented to

and filed with said planning commission, protesting the granting of said variance application. The complaint purported to allege damages to plaintiff in the sum of $50,000. The instrument claimed to be false and libelous was in part as follows:

"To:     Santa Ana Planning Commission

"Subject: Zoning variance application for
          723 E. Pine Street, Santa Ana, Calif., to
          be considered at your regular meeting of May
          9, 1955, at 7:30 p.m.

"Gentlemen:

"We, the undersigned, strenuously oppose a variance on subject property to permit the construction, or the moving thereon, of a second dwelling and, offer the following for your most careful consideration:

"1. The house located on the property, as of this time, has been for several years used as a rooming house.

"2. Due to the class of people renting rooms therein, it has been for many years a complete shocking disgrace to the immediate neighborhood, including the whole of Santa Ana.

"3. It is estimated, that at times, up to nearly 20 people live in the present small dwelling.

"4. It is very rare that there are less than six cars parked around the house. In most cases there is always one or two without tires parked on the street. There have been times when these partially dismantled cars would not turn a wheel for many months at a time.

"5. The house itself has not been kept in repair and, is in a disgraceful run-down condition.

"6. A house trailer, with people living therein, was added to this deplorable condition approximately a year ago, and is still being so used.

"7. Due to the class of people inhabiting 723 E. Pine Street, there is one drunken brawl after another, day and night, as your Police records will verify. What other disorderly conduct is carried on within the house, we are not in a position to definitely state. Due to this disorderly conduct, many times, there are broken whiskey and wine bottles littering the streets and sidewalks.

"In closing, we sincerely believe that if you, the Planning Commission, approve this variance request, you will be adding to an already existing slum house condition in a very comfortable, tranquil, and well kept residential neighborhood

where some residents have lived for over thirty years. Instead, we feel that a complete investigation on the use of these premises should be made, and the rooming house license cancelled. Due to the foregoing conditions, property values have already been depreciated.

"Enclosed herewith are photographs taken on May 1, 1955, for your examination."

After setting forth this instrument it is then alleged that by said statements defendants meant that plaintiff was running a disorderly house, violating the health and safety regulations and certain other regulations of the city, and that plaintiff was generally an immoral and disreputable person when in truth and in fact such conditions did not exist; that defendants Charles F. or R. F. Wolford demanded at the meeting that said protest be read in the presence of disinterested persons; that they testified at the hearing as to the facts set forth in the protest and caused public contempt and ridicule of plaintiff; that said petition and said statements were made with evil motive and were not privileged. It is further alleged that the facts related were not germane to the application before the commission since that application was for the construction of a new house on the rear of the premises then partially occupied by a rooming house.

On April 9, 1957, defendants filed a general demurrer and, after argument thereon, the ruling was taken under advisement and on April 17th it was sustained without leave to amend and a judgment of dismissal followed.

The record shows that on May 29, 1956, defendants filed an answer denying generally the allegations of the complaint and alleged as special defenses that the alleged claimed defamatory words set forth were absolutely privileged, pertinent and published in due course of legislative proceedings within the jurisdiction of the proceedings, and were made without malice and were true. Apparently, at a pretrial hearing before the ruling on the demurrer, certain facts were stipulated to between the parties, i.e., that plaintiff was the joint owner of said property with her husband; that she did not reside on the premises; and that she was licensed to operate a rooming house there; that said petition was drafted by R. F. Wolford and solicited by numerous persons whose names appeared thereon; that the protest was read at the meeting of the planning commission on May 9, 1955, by a member of the commission, at the request of said R. F. Wolford; and that certain records and files therein listed be ad-

mitted into evidence without formal proof. These records consisted mainly of the protest, evidence considered at said hearing, and the action of the planning commission in reference thereto. Thereafter, the demurrer to the complaint was sustained without leave to amend. This appeal is from the judgment of dismissal.

█ In an action for libel, where the complaint affirmatively discloses that libelous matter complained of is absolutely privileged, it is unnecessary to set up the claim of privilege by either answer or demurrer, since the complaint fails to state a legal cause and the language complained of is not actionable. █ Where a complaint absolutely fails to state a cause of action, a demurrer is not necessary, but the defect may be raised at any stage of the proceeding and in any manner which presents grounds of objection. (*Reid* v. *Thomas*, 99 Cal.App. 719 [279 P. 226].)

Section 45 of the Civil Code provides that "Libel is a false and unprivileged publication by writing . . . or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Section 46 defines slander. █ Both libel and slander require that it be a false and unprivileged publication. A privileged publication or broadcast is one made in any (1) legislative; (2) judicial proceeding; or (3) in any other official proceeding authorized by law. (Civ. Code, § 47, subd. 2.) █ Where the existence of the privilege is disclosed on the face of the complaint, the privilege is available as a matter of defense on demurrer. (*Jackson* v. *Underwriters' Report, Inc.*, 21 Cal.App.2d 591 [69 P.2d 878]; *Locke* v. *Mitchell*, 7 Cal.2d 599 [61 P.2d 922].) █ If a complaint pleads facts which show the publication was made in a judicial proceeding, it does not state a cause of action unless it goes further and pleads other facts which show that in contemplation of law the publication was not in fact made in a judicial proceeding. (*Harnish* v. *Smith*, 138 Cal. App.2d 307 [291 P.2d 532]; *Irwin* v. *Newby*, 102 Cal.App. 110 [282 P. 810, 283 P. 370]; *Washer* v. *Bank of America*, 21 Cal.2d 822 [136 P.2d 297, 155 A.L.R. 1338].) This court held in *Harnish* v. *Smith, supra*, that a complaint for slander pleading facts which show that the claimed utterances were made by defendant as a member of the city council at a regular meeting does not state a cause of action, although it

alleges that such statements were false and untrue, where it does not allege that they were unprivileged or recite facts which would indicate that they were unprivileged. ■ Language employed in a judicial or legislative proceeding, as specified in subdivision 2 of section 47 of the Civil Code is absolutely privileged in character; (*Reid* v. *Thomas*, 99 Cal. App. 719 [279 P. 226]; *Hale Co.* v. *Lea*, 191 Cal. 202 [215 P. 900].)

■ We conclude that the complaint herein shows on its face the existence of an absolute privilege. It is alleged that the petition of protest was addressed to and filed with the Santa Ana Planning Commission. Even if it could be said it was not a legislative or judicial proceeding (24 Words & Phrases [permanent ed.] p. 654), it was an official proceeding authorized by law within the meaning of section 47, subdivision 2 of the Civil Code. There is no allegation that any of the alleged acts of defendants in connection with said protest took place anywhere except before the planning commission. ■ The absolute privilege applies to any publication that is required or permitted by law in the course of an official proceeding authorized by law. If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches. (*Albertson* v. *Raboff*, 46 Cal.2d 375 [295 P.2d 405].) The right to file a written protest at a public hearing before a planning commission is the right and privilege of every property owner and resident of the city and such a protest as the one herein considered is permitted by law and necessarily related to the action before the planning commission.

In view of this conclusion it becomes unnecessary to pass upon other claimed reasons why the allegations of said complaint were insufficient to constitute a cause of action.

Judgment of dismissal affirmed.

Mussell, J., and Shepard, J., concurred.