[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARYJUDGMENT
In October of 1993 the plaintiff filed a suit against counsel, for the Town of Glastonbury. In his complaint he indicates that in the past he has filed numerous appeals to the Freedom of Information Commission claiming that various public officials of the town had denied him access to "undisputed public documents", (par. 1 of amended complaint.) A hearing was held on several of these appeals and the two lawyers who are the subject of this suit are alleged in the complaint to have requested in six appeals that the plaintiff be fined $1000. pursuant to § 1-21(b) of the general statutes. (Statutes rev. to 1991 applicable).
The plaintiff alleges in his complaint that a person cannot be fined for filing an appeal to the FOIC after being denied access to "undisputed public documents" since the appeals were all filed before July 1, 1993. Consequently the plaintiff argues the motions for penalties were frivolous and without merit, paragraphs 6 and 7 of complaint.
In his complaint the plaintiff refers to Mozzochi v. Beck,204 Conn. 490 (1987) which is an abuse of process not a vexatious suit case. The defendants have filed a motion for summary judgment arguing that the plaintiff cannot properly set forth a claim for vexatious suit under our case law. DeLaurentis v. New Haven,220 Conn. 225 (1991), Vandersluis v. Weil, 176 Conn. 353 (1978), andCalvo v. Bartolotta, 112 Conn. 396 (1930).
In his objection to the motion the plaintiff cites Mozzochi
but then says he has standing to sue the two lawyers "for vexatious litigation". He then goes on to say the filing of motions for civil penalties constitutes legal action against him because he had to defend himself against a fine which would have been assessed against him if the motions were granted.
The claim then seems to sound in vexatious suit; the plaintiff seems to argue that there was no probable cause to bring the motions and that they were wrongly initiated, cf Restatement, (Second) Torts § 674 with § 682, Mozzochi v. Beck at page 494, also, see Vandersluis v. Weil, supra at page 356. In DeLaurentis v. NewCT Page 10084Haven, supra at page 248 it was held that liability for vexatious litigation can include initiation of civil proceedings before an administrative body. Both sides have filed voluminous materials in this and the companion motion for summary judgment. There is to, say the least a sharp and acrimonious dispute between the, plaintiff, the defendants and the town they represented over the, propriety of the plaintiff's claims for information over the years from various town officials and agencies. The defendant argues that a full factual hearing is necessary as to this dispute and the matter is inappropriate for decision by way of summary judgment.
Clearly genuine factual disputes over material facts preclude granting of a motion for summary judgment. However, I believe this motion can be resolved as an issue of law. I do not feel that I have to decide whether the plaintiff is a public spirited individual trying to protect his and the public interest at great cost and expense to himself or is merely bent on annoying public officials.
The point is that here the plaintiff has brought an action for vexatious litigation because of motions for penalty filed within' and as part of various appeals filed before the FOIC.
DeLaurentis indicates that there are four prerequisites for a vexatious suit action:
(1) there must be a prior civil action;
(2) there must be no probable cause for the action;
(3) the action must have been brought with malice;
 (4) the prior action must have terminated in the plaintiff's favor.
See also Restatement (Second) Torts, § 674.
As comment F to the Restatement section indicates and as many cases have held an action for vexatious suit can be filed for a so-called "ancillary proceeding". That is even though the principle proceedings are properly brought an ancillary proceeding may be wrongfully initiated for which suit will lie. . Thus there might be liability for the wrongful procurement and execution of an attachment, cf Montgomery v. Hunt, 738 P.2d 887, 889 (Mont., 1987), or the securing of an injunction incident to the proceedings on a CT Page 10085 civil action, Lincoln First Bank v. Siegel, 400 N.Y.S.2d 627, 634
(1977). A California case Twyford v. Twyford, 134 Cal.Rptr. 145,148 (1976) suggested insanity proceedings even when initiated in connection with other civil litigation can be considered ancillary proceedings because they are independent and don't depend on the other or main proceeding for their resolution.
I have been able to find no cases that indicate motions or actions taken in a pending case can be the basis for a vexatious litigation suit when they are not ancillary to that suit. In fact three California cases hold that such internal activity within a, proceeding do not give rise to a vexatious litigation claim.Twyford v. Twyford supra held that a request for admissions filed in a family matter is not a separate proceeding and won't support a civil malicious prosecution action, id p. 148. Lossing v.Superior Court, 255 Cal.Rptr. 18, 20 (1989) held a malicious' prosecution action against an attorney would not lie for failing to prevail on an order to show cause regarding a contempt brought to enforce a discovery order in ongoing litigation. In Silver v.Gold, 259 Cal.Rptr. 185, 187 (1989) the court held that the filing' of a motion to disqualify opposing counsel does not constitute a separate proceeding upon which a suit for civil malicious prosecution can be based.
Ancillary proceedings to a previously filed action are best described as discrete and separate procedural matters based on evidentiary findings that may have no direct bearing on resolution of the merits of the underlying controversy. Thus, as noted in the appropriate case wrongful initiation for example of attachment procedures might provide the basis for a vexatious litigation suit. However, if such suits could be brought during or after ongoing litigation based on motions for sanctions motions to compel, motions for relief from onerous discovery requests filed before the courts or before administrative agencies, a veritable flood of litigation would arise. Not only would such an expansion of this tort run the risk of having a chilling effect on aggressive advocacy and proper attempts to enforce rules of practice it would, interfere with the underlying litigation in many cases. That is, suit could be filed on the basis of a motion that raised issues going to the merits of the underlying litigation. Would two separate courts resolve such matters, what would the collateral estoppel or res judicata effect be? For example here the motions for penalty were filed based on the allegation that the appeals to the FOIC were based on frivolous grounds without a reasonable basis, and solely to harass the agency involved. CT Page 10086
Also if such suits were allowed when can the action on which the vexatious suit be based said to be "terminated" for the purpose of meeting the fourth DeLaurentis requirement — at the conclusion of the hearing on the motion for penalty or its withdrawal? when the underlying appeal is resolved before the commission or, after, that is taken to court?
Also as the Lossing court notes their are sanctions available against attorney filing frivolous or unjustified motions during a proceeding. The Regulations for Connecticut State Agencies at § 1-21-19 provide that the code of professional responsibility shall apply to lawyers appearing before the commission. In fact the commission can itself fine the custodian of records if there has been a denial of any right under the Freedom of Information Act without reasonable grounds. If there has been a denial and the Commission found an improper and unwarranted motion for penalty' against a citizen was filed by an attorney representing, the custodian that would seem to me to provide a basis for a penalty against the custodian.
In any event there are good reasons not to expand the ambit of this tort. As the trial court was quoted to have said in theLossing case, 255 Cal.Rptr. at pp. 21-22, fn. 4.
 Seems to me it will wreak have on courts if every time somebody decides they've been maliciously prosecuted in the course of a proceeding, they can file another action a separate and independent action.
The motion for summary judgment is granted for both defendants.