**UNITED STATES v. STANGE.**

District Court, W. D. Wisconsin.
Oct. 21, 1930.

For former opinion, see 43 F.(2d) 593.

Stanley M. Ryan, U. S. Dist. Atty., of Janesville, Wis., and Frank D. Strater, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

F. J. Smith, of Merrill, Wis., and Robert A. Littleton, of Washington, D. C., for defendant.

LUSE, District Judge.

Shortly after the filing of the original opinion in this matter, defendant's counsel submitted a memorandum brief objecting to and stating grounds for their objection to the inclusion in the judgment in this case of interest at the rate of 6 per cent. from the dates when the taxes were paid. Counsel for plaintiff have filed a reply brief.

While counsel for defendant endeavored to distinguish this case from Mason v. Routzahn, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223, and other cases referred to in the main opinion herein, they also relied largely upon the provisions of section 274 (b) of the Revenue Act of 1924 (26 USCA § 1049 note), in so far as that section required the action to be begun within one year after the final decision of the Board of Tax Appeals. The same section upon which they relied for this limitation provides: "The court shall include in its judgment interest upon the amount thereof at the rate of 6 per centum per annum from the date prescribed for the payment of the tax to the date of the judgment."

It is of course inconsistent for defendant's counsel to claim that one provision of subdivision (b) of section 274 is applicable while another one is inapplicable. However, this is not deemed determinative of the question now presented.

Section 250 (a) of the Revenue Act of 1918 (40 Stat. 1082) contemplates the collection of interest at the rate of one-half of 1 per cent. per month during any delay after the due date requested by the taxpayer.

While subdivision (b) of section 250, Revenue Act of 1918 (40 Stat. 1083), provides that there shall be no penalty imposed if the return is made in good faith and the understatement of the amount in the return is not due to any fault of the taxpayer, it is clear to my mind that Congress did not deem the imposition of simple interest at the rate of 6 per cent. as a penalty. So construing that statute, and particularly in the light of Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596; Nolte v. Hudson Navigation Co. (C. C. A.) 8 F.(2d) 859, 867, and Sawyer Tanning Co. v. C. J. O'Keefe Shoe Co. (D. C. Mass.), 23 F.(2d) 717, it is concluded that there was no error in the direction of the original memorandum in this case with respect to interest, and it is therefore adhered to.

An exception is allowed to the defendant.