[Civ. No. 21577.   Second Dist., Div. One.   Feb. 24, 1956.]

H. R. BUCY, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Appellant.

Eugene S. Ives for Appellant.

Stanley G. Pearson for Respondent.

WHITE, P. J.—Respondent moves to dismiss this appeal on the ground that appellant has failed to complete the filing of the record on appeal in that the condensed statement in narrative form of all or such portions of the oral proceedings deemed material to the determination of the points on appeal has not been filed as provided by rule 7(a), Rules on Appeal.

Appellant resists the motion on the ground that the delay in filing said settled statement was due to inadvertence and excusable neglect on the part of the attorney employed to prepare such statement for appellant; "that said Proposed Settled Statement of Appellant has been filed with the Court and copies served on plaintiff and respondent together with a copy of the transcript of the proceedings relied on by appellant in the Proposed Settled Statement." Appellant has also filed a motion pursuant to rule 53(b), Rules on Appeal, to be relieved from default in failing to file its settled statement on appeal within the time prescribed by rule 7(a) of Rules on Appeal. This motion is grounded on the same reasons advanced in opposition to the aforesaid motion to dismiss the appeal.

The record reflects that on March 4, 1954, plaintiff (respondent herein) filed his complaint (on undertaking given for claim and delivery). The relief prayed for was "for judgment against the defendants in the sum of $3,871.08, together with interest at the legal rate from December 9, 1952, and for such further relief as to the court may seem proper.

That a cross-complaint for indemnity (on behalf of New Amsterdam Casualty Company) was filed March 30, 1955. That the relief prayed for was for any sums which might be awarded to plaintiff and against cross-complainant in this action; for all costs including attorneys fees incurred by cross-complainant by reason of this action; for costs of this action in cross-complaint; and for further relief as may be proper in the premises.

That judgment, entered June 8, 1955, orders that plaintiff H. R. Bucy, doing business as Bucy Manufacturing Company, have judgment against defendant New Amsterdam Casualty Company, in the sum of $3,871.08 principal, and $654.86 interest, together with interest on the whole thereof at the rate of 7 per cent per annum until paid; that plaintiff have

judgment against defendant New Amsterdam Casualty Company for his costs of suit taxed at $46.30; that cross-complainant New Amsterdam Casualty Company have judgment against cross-defendant Schimel Arms Corporation in the sum of $3,871.08 principal, and $654.86 interest thereon, attorneys' fees together with interest thereon at the rate of 7 per cent per annum until paid, and for costs of suit. Notice of entry of judgment was served July 1, 1955. No notice of intention to move for a new trial was filed. On August 4, 1955, notice of appeal on behalf of defendant New Amsterdam Casualty Company (appellant herein) was filed. Notice to clerk to prepare clerk's transcript on appeal was filed August 15, 1955, and on the same day notice to proceed under rule 7 of Rules on Appeal (by a settled statement in lieu of a reporter's transcript) was filed. On August 22, 1955, plaintiff (respondent herein) filed with the clerk a notice for additional record on appeal. On September 12, 1955, the trial judge signed an order extending the time to file said settled statement on appeal to October 12, 1955. The clerk's transcript on appeal was filed October 21, 1955. No engrossed settled statement on appeal was filed up to December 20, 1955, when the certificate of the county clerk was issued. In support of its motion to dismiss the appeal respondent relies upon the foregoing facts.

In opposing the motion to dismiss and in support of its motion to be relieved of default, appellant, through one of its counsel has filed an affidavit wherein said counsel avers that upon expiration of the extension of time allowed by the trial judge, a further extension was required, and "that the trial judge was on vacation during the month of October, 1955; that thereupon affiant telephoned Stanley G. Pearson, attorney for plaintiff and respondent; that said Stanley G. Pearson granted said extension of time; that affiant stated that she was busy with other matters; that said Stanley G. Pearson informed affiant to take her time, 'that he would not do anything that would embarrass affiant or Mr. Ives' in regard to said appeal; that relying upon said statement of Mr. Pearson, affiant assumed that it would be agreeable to Mr. Pearson that said settled statement not be filed until after the first of the year; that said Stanley G. Pearson never contacted affiant at any time prior to the filing of a Motion to Dismiss said Appeal received on January 3, 1956, and noticed for January 24, 1956; that said Settled Statement was not prepared prior to the first of the year due to the

intervention of the Christmas Holidays and due to the pressure of other work." It is further averred that the proposed settled statement on appeal has been filed with the trial court; that the appeal raises two issues, one of which will be determined on the judgment roll; the other upon the testimony of respondent herein, and that a copy of the transcript of respondent Bucy's testimony, together with a copy of appellant's proposed settled statement, have been forwarded to respondent's counsel.

In opposing appellant's motion for relief from default and supporting its motion to dismiss, respondent's counsel, Stanley G. Pearson, has filed an affidavit in which he sets forth that at no time did he grant an extension of time to appellant, that "The most that can be said for the conversation between affiant and Prudence Thrift (one of counsel for appellant) is that your affiant agreed to sign a written sitpulation, to be prepared by Miss Thrift, that the trial court might grant an extension. Your affiant's conversation with Miss Thrift on about October 13, 1955, was to this effect. The discussion was that Miss Thrift was encountering some delay in getting the transcript of Mr. Bucy's testimony, and that the Burbank Court was not in regular session during most of October. Miss Thrift stated that she had secured one 30-day extension from the judge and wanted another. Your affiant told her to prepare a written stipulation to that effect, send it to him and he would sign it so the judge could extend the time. Your affiant heard no more from Miss Thrift or appellant until approximately January 13, 1956, after the motion to dismiss the appeal had been filed. Upon not receiving the stipulation, or hearing from appellant for over two and one-half months, your affiant, in good faith, believed the appeal had been abandoned, as inconsequential. . . .

"Your affiant never told Miss Thrift to take her time in preparing the Proposed Statement, or any words having that effect. As a matter of fact, your affiant advised her that his client, the respondent, was very anxious to get this matter settled as soon as possible, but that your affiant would grant her the 30-day extension of time above mentioned, because of the delay in getting the transcript, and because Judge Dawson was on vacation. There was absolutely nothing said by affiant that could have been interpreted as an indefinite or unlimited extension of time." Attorney Pearson then sets forth his reasons why, in his opinion, the appeal is without merit.

█ No citation of authority is necessary for the statement that the courts favor a determination of litigation upon the merits and that all parties should have their day in court at all stages of the proceedings. In consonance with this announced policy, courts are reluctant to dismiss an appeal for delays of the nature here involved, unless, not to do so would result in manifest injustice or prejudice to the moving party. █ In the instant proceeding we do not regard the delay as flagrant. By order of the trial court, appellant was granted until October 12, 1955, to file the settled statement, and counsel for respondent, with commendable fairness, concedes he was willing to allow an additional 30-day extension to November 12, 1955. The settled statement is now on file. As to any detriment ensuing to respondent should the appeal be determined upon the merits, it appears that this case involves a money judgment, and that there is on file an undertaking on appeal which provides for payment of the principal judgment as well as interest thereon. Viewing the facts and circumstances present in the matter now engaging our attention, we are disposed to allow the appeal herein to be presented on the merits.

The motion to dismiss the appeal is denied; appellant is relieved of default for failure to file settled statement on appeal within the time prescribed by rule 7(a) of Rules on Appeal, and the court below is directed to proceed to settle said proposed settled statement in accordance with rule 7(d) of Rules on Appeal.

Doran, J., and Fourt, J., concurred.