[Civ. No. 7105.   Fourth Dist.   Aug. 2, 1962.]

MEADE HARGISS, Plaintiff and Appellant, v. ROYAL AIR PROPERTIES, INC., Defendant and Appellant.

Hennigan, Ryneal & Nixen and Thompson & Colegate for Plaintiff and Appellant.

Best, Best & Krieger and John D. Babbage for Defendant and Appellant.

SHEPARD, J.—This is an appeal by plaintiff from an order granting a new trial and a cross-appeal by defendant from judgment in favor of plaintiff in an action in *quantum meruit*.

### FACTS

Plaintiff brought this action to recover $37,500 alleged to be due to plaintiff from defendant for personal services rendered to defendant by plaintiff at the special instance and request of defendant. The form of the complaint is in assumpsit. The background details of defendant's corporate formation as the ultimate vehicle for accomplishment of a venture in which plaintiff, Harold L. Heathman and Esther Peister were joined together is set forth in our opinion in *Hargiss* v. *Royal Air Properties, Inc.*, No. 6807, *ante*, p. 406 [23 Cal.Rptr. 678], filed this date. That case was Superior Court No. 1730. The present case was Superior Court No. 1731. Both cases were consolidated for trial and have been brought to this court on appeal under a single reporter's transcript but with separate clerk's transcripts. In the present case plaintiff brought his action against this appealing defendant and also named as defendants Harold I. Heathman, Michael Heathman and Esther Peister. Michael has no financial interest in the venture or the corporation, his name being used solely for incorporation purposes. Nonsuit was granted as to the Heathmans and Peister and neither party complains of that order. At the conclusion of the taking of evidence defendant moved for a directed verdict for defendant. The motion was denied. Of this order defendant complains. Verdict and judgment were entered for plaintiff against defendant. On defendant's motion a new trial was ordered. Plaintiff appealed from the order granting a new trial. Plaintiff has not pursued the appeal from the order granting a new trial but defendant raises its

points by cross-appeal under the provisions of rule 3(a), California Rules of Court.*

## EVIDENCE SUFFICIENCY

Defendant contends first that indulging in all inferences in plaintiff's favor, there is no substantial evidence to support the allegations of plaintiff's complaint. This, of course, recognizes the same rule set forth in *Devens* v. *Goldberg*, 33 Cal.2d 173, 177 [4] [199 P.2d 943].

It is true that much of the evidence, even of plaintiff himself, was susceptible of a construction that plaintiff's chief, and possibly only, cause of complaint, was the breach of an alleged agreement that he would be retained as president of the corporation and that he was serving under an agreement that none of the partners as such or as officers of the corporation would receive compensation for services until the operation showed a profit. ▆▆ On the other hand, although subject to great conflict even in plaintiff's own testimony, there was evidence that the asserted services were rendered at the special instance and request of Heathman and Peister, acting as directors of defendant. Plaintiff also testified that in the performance of his services he suffered an out-of-pocket expense loss of $1,000 per month. Neither the trial court nor the jury were required to believe any of this, in a decision on the merits. But the motion did not contemplate a decision on the merits.

▆▆ The rule governing the power of a court to grant a directed verdict is substantially the same as that controlling the court's power on a motion for nonsuit or a motion for judgment notwithstanding the verdict; ". . . the evidence must be viewed in the light most favorable to the plaintiffs, giving to the support of plaintiffs' case every applicable presumption of law and every inference reasonably deducible from the evidence; that all conflicts in the evidence are to be disregarded, and that unless the evidence so viewed will not support a judgment in plaintiffs' favor, the nonsuit must be denied." (*Aguilera* v. *Atchison, T. & S.F. Ry. Co.*, 188 Cal. App.2d 274, 275 [1, 2] [10 Cal.Rptr. 367].) See also *Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 649 [1] [122 P.2d 576]; *Shaw* v. *Colonial Room*, 175 Cal.App.2d 845, 847 [1] [1 Cal.Rptr. 28].)

Whether or not the defendant be considered merely the alter ego of the three partners is of no consequence. ▆▆ Of course, a partner, in the absence of an express or implied agree-

*Formerly Rules on Appeal, rule 3(a).

ment to the contrary, is not entitled to remuneration for acting in the partnership business. (Corp. Code, § 15018, subd. (f); *Vangel* v. *Vangel*, 116 Cal.App.2d 615, 631 [18] [254 P.2d 919]; *Glassell* v. *Prentiss*, 175 Cal.App.2d 599, 609 [346 P.2d 895]; *Wind* v. *Herbert*, 186 Cal.App.2d 276, 286 [12] [8 Cal. Rptr. 817].)

On the other hand, the very statement of the rule recognizes the exception. ■■ A partnership may, by agreement, deal with a partner as an independent individual, to do work for the partnership. (*Forsyth* v. *Butler*, 152 Cal. 396, 401 [93 P. 90]; *DeMartini* v. *Industrial Acc. Com.*, 90 Cal.App.2d 139, 150 [8] [202 P.2d 828]; *Barlow* v. *Collins*, 166 Cal.App.2d 274, 278 [3] [333 P.2d 64].) ■■ Likewise, if the corporation be considered as having acquired an entity of its own, independent of the partnership, there could be no question that it could employ, by express or implied agreement, one of its officers in his capacity as an individual. Here there was testimony by plaintiff that the only two directors besides himself who had any financial interest specifically requested his independent services in the respect alleged, and that he had out-of-pocket expenses of $1,000 per month. This was a closed corporation with much of its business done without formal board meetings. (*Brainard* v. *De La Montanya*, 18 Cal.2d 502, 511 [4] [116 P.2d 66].) ■■ The confusion and conflicts in plaintiff's testimony were matters to be weighed on a decision on the merits as questions of fact. (*Neilsen* v. *Holmes*, 82 Cal. App.2d 315, 324 [3] [186 P.2d 197]; *Dugan* v. *Forster*, 104 Cal.App. 117, 120 [2] [285 P. 384]; *Grummet* v. *Fresno Glazed Cement Pipe Co.*, 181 Cal. 509, 512 [1-2] [185 P. 388].)

■■ The order denying the motion for a directed verdict was correct.

The order granting a new trial is affirmed.

Griffin, P. J., and Coughlin, J., concurred.