[Civ. No. 28578. First Dist., Div. Two. Feb. 28, 1972.]

STANFORD W. ASCHERMAN, Plaintiff and Appellant, v. ALVIN S. NATANSON, Defendant and Respondent.

## COUNSEL

Leo Fried and Siegfried Hesse for Plaintiff and Appellant.

Salvatore Bossio, Hassard, Bonnington, Rogers & Huber, Chris Gasparich, Crosby, Heafey, Roach & May and Richard G. Logan for Defendant and Respondent.

## OPINION

KANE, J.—This action for slander was brought by appellant Stanford W. Ascherman, M.D. against respondent Alvin S. Natanson, M.D. A jury verdict in the sum of $5,000 was rendered in favor of appellant. Thereafter, the trial court granted respondent's motion for judgment notwithstanding the verdict. The present appeal followed.

In 1963 appellant, a physician and surgeon, applied for staff privileges at Marin General Hospital, a facility owned and operated by Marin Hospital District. On March 24, 1964, the board of directors (Board) of the hospital district denied his application. However, by letter dated March 25, 1964, appellant was advised that a hearing would be granted if he made a written application therefor within 30 days. Such written petition was made by appellant, whereupon the Board appointed a hearing officer, selected a court reporter and set the hearing for May 19, 1964. Appellant and his counsel were so notified by Harold F. Riede, attorney for the hospital district, on April 29, 1964. On May 4, 1964, as part of his investigation preparatory to the hearing, Mr. Riede called upon respondent who, as a former colleague and fellow surgeon of appellant at Chanute Air Force Base, had some information concerning appellant's professional qualifications. On the basis of this interview with appellant and similar interviews with others, Mr. Riede prepared a bill of particulars which formed the basis of the hospital district's position at the hearing. The interview took place in respondent's office in the presence of his secretary who had also been his medical secretary at Chanute and who also had some first-hand knowledge with respect to the questions discussed. It was during this interview that respondent made the statements which gave rise to the instant action.

Since respondent admits that the jury verdict finding defamation is supported by sufficient evidence, the only issue to be decided here is whether, in light of the facts of the case, respondent was entitled to the absolute privilege claimed in his answer and relied on later in his motions for judgment of nonsuit and judgment notwithstanding the verdict.

■ Preliminarily, it ought to be pointed out that the privilege of a *witness* during an administrative or judicial proceeding is governed by Civil Code, section 47, subdivision 2, which provides in pertinent part that a privileged publication or broadcast is one that is made in any (1) legislative or (2) judicial proceedings or (3) in any other official proceeding authorized by law. Although the statute does not provide so explicitly, the cases make it clear that the privilege conferred by section 47, subdivision 2, is an ab-

solute privilege which is in no way affected by the presence of malice. (*Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 379 [295 P.2d 405]; *Gose-wisch* v. *Doran* (1911) 161 Cal. 511, 513-515 [119 P. 656]; *Thornton* v. *Rhoden* (1966) 245 Cal.App.2d 80, 93 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152].)

The nature and extent of the absolute privilege accorded to judicial proceedings was recently summarized in *Smith* v. *Hatch* (1969) 271 Cal. App.2d 39, 45-46 [76 Cal.Rptr. 350]. ■ Accordingly, the absolute privilege attaches to any publication that has any reasonable relation to the action and is permitted by law if made to achieve the objects of the litigation even though the publication is made outside the courtroom and no function of the court or its officers is involved. (*Albertson* v. *Raboff, supra,* at p. 381.) To be privileged under section 47, subdivision 2, the defamatory matter need not be relevant, pertinent or material to any issue before the tribunal; *it need only have some connection or some relation* to the judicial proceeding (*Thornton* v. *Rhoden, supra,* at p. 90). The absolute privilege afforded to persons in judicial proceedings, of course, extends to witnesses (Rest., Torts, § 588).

■ The phrase "in any other official proceeding authorized by law" embraced in section 47, subdivision 2, has been interpreted to encompass those proceedings which resemble judicial and legislative proceedings, such as transactions of administrative boards and quasi-judicial and quasi-legislative proceedings. (*Cunsul* v. *Ray* (1935) 6 Cal.App.2d 528, 530 [45 P.2d 248]; *McMann* \ *Wadler* (1961) 189 Cal.App.2d 124, 129 [11 Cal. Rptr. 37].) In accord with the California cases, the general rule is now well established that *the absolute privilege is applicable not only to judicial but also to quasi-judicial proceedings* and defamatory statements made in both judicial and quasi-judicial proceedings having some relation thereto are absolutely privileged (*Ramstead* v. *Morgan* (1959) 219 Ore. 383 (347 P.2d 594, 596, 77 A.L.R.2d 481]; *Rainier's Dairies* v. *Raritan Valley Farms* (1955) 19 N.J. 552 [117 A.2d 889,894]; *Middlesex Concrete Products* v. *Carteret Ind. Ass'n* (1961) 68 N.J.Super. 85 [172 A.2d 22]; Rest., Torts, § 588, coms. c and d; 45 A.L.R.2d 1298).

■ It is also well settled that the absolute privilege in both judicial and quasi-judicial proceedings extends to preliminary conversations and interviews between a prospective witness and an attorney if they are some way related to or connected with a pending or contemplated action. (*Watson* v. *M'Ewan* [1905] A.C. 480; *Youmans* v. *Smith* (1897) 153 N.Y. 214 [47 N.E. 265]; *Zirn* v. *Cullom* (1946) 187 Misc. 241 [63 N.Y.S.2d 439]; Rest., Torts, § 588.)

The foregoing principles as applied to the facts of the instant case make it evident that since the defamatory statements by respondent were uttered during the May 4 preliminary interview between respondent and Mr. Riede, the attorney of the hospital district, and since said interview was preparatory to a pending hearing before the Board, respondent was absolutely privileged if said Board hearing is to be considered a quasi-judicial proceeding.

■ Contrary to appellant's assertion, in determining that an administrative body or agency possesses a quasi-judicial power, its right to compel the attendance of witnesses and punish them for contempt is only secondary in significance. The primary factors which determine the nature of the proceedings are: (1) whether the administrative body is vested with discretion based upon investigation and consideration of evidentiary facts, (2) whether it is entitled to hold hearings and decide the issue by the application of rules of law to the ascertained facts and, more importantly (3) whether its power affects the personal or property rights of private persons (1 Am.Jur.2d, Administrative Law, §§ 167-173). ■ In line with these principles, a number of cases have held that when a proceeding is being conducted in a manner similar to a judicial proceeding, including notice, informal pleading and hearing, and the administrative agency or body performs an important public duty and decides issues of significant public concern, the participants in that proceeding should be vested with absolute immunity (*Rainier's Dairies* v. *Raritan Valley Farms, supra*, at p. 894; *Fenning* v. *S. G. Holding Corp.* (1957) 47 N.J.Super. 110 [135 A.2d 346, at p. 351]). The policy of encouraging free utterance which is at the root of the immunity should apply with equal force whether the presiding officer of the tribunal is called commissioner, judge, referee, hearing officer, etc.

California follows the general rules described above. Directly in point is *Wyatt* v. *Tahoe Forest Hospital Dist.* (1959) 174 Cal.App.2d 709 [345 P.2d 93]. There, as here, the plaintiff, a physician and surgeon, applied to defendant hospital district to obtain staff privileges at a hospital. The court pointed out that defendant hospital district was empowered by statute to make rules and regulations and restrict the membership on the medical staff to physicians and surgeons competent in the field and worthy in character and professional ethics. Under the statute and the regulations adopted pursuant thereto admission to staff membership was required as a condition precedent to hospital privileges. It is common knowledge, said the court, that in these modern times a surgeon or physician who is not permitted to practice in a hospital is, as a practical matter, denied his right to fully practice his profession, the staff privilege being, in effect, equivalent to a special

license. The court concluded that the defendant board was performing a quasi-judicial function, because it was empowered to ascertain facts on which the right to engage in the practice of a profession depended.

The application of the rationale of *Wyatt* v. *Tahoe Forest Hospital Dist.* to the case at bar is more than obvious. ■ We hold that the hearing on appellant's staff privilege before the hearing officer of Marin Hospital District was quasi-judicial in character. Therefore, upon the foregoing authorities, respondent's defamatory statements uttered at the May 4, 1964 preliminary interview, which constitute the only subject of this litigation, were absolutely privileged.

■ We also hold that the presence of respondent's secretary at the May 4, 1964, interview in no way destroyed the absolute privilege afforded by law. Respondent's secretary had first-hand knowledge on the issues discussed during said interview. She would have qualified as, and in fact was, a potential witness.

Moreover, respondent's testimony at the hearing encompassed everything discussed during the interview. Since his actual testimony, notwithstanding that it could be heard or later read by anyone is clearly insulated by the absolute privilege, it follows that his statements during the interview are also fully protected, and the presence of third persons is of no consequence whatsoever. (Rest., Torts, § 582, p. 219.)

In view of our conclusion, the May 12, 1964, stipulation between the parties concerning the hearing officer's power to issue subpoenas and compel the attendance of witnesses bears no legal significance, and any discussion of the parties' contentions in connection therewith is unnecessary.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied March 29, 1972, and appellant's petition for a hearing by the Supreme Court was denied April 26, 1972.