[Civ. No. 32454. First Dist., Div. Two. Oct. 4, 1974.]

RICHARD M. FRISK, Plaintiff and Appellant, v.
JAMES L. MERRIHEW, Defendant and Respondent.

## COUNSEL

Richard M. Frisk, in pro. per., for Plaintiff and Appellant.

Bennett, Van De Poel, Campbell & Ginder and Bryant M. Bennett for Defendant and Respondent.

## OPINION

**KANE, J.**—Plaintiff Richard M. Frisk appeals from a judgment entered on a directed verdict denying him recovery in a defamation action.

The settled statement submitted on appeal pursuant to rule 7 of the California Rules of Court indicates that appellant was a certificated high school teacher in the Richmond Unified School District and a duly licensed California attorney, while respondent was the appointed superintendent of the Mt. Diablo Unified School District, Concord, California ("Diablo School District") and the secretary of the school board. On August 1, 1967, the Diablo School District held a public school board meeting during which the annual school budget was discussed. Both respondent and appellant attended said meeting, the latter in his professional capacity as attorney and counsel for an interested parent and taxpayer. The defamatory words which gave rise to the present action were uttered by respondent when appellant rose to address the meeting on behalf of his client. It is admitted that the comments made by respondent were understood by third persons to be derogatory and defamatory with regard to appellant both as a teacher and attorney.[1] It is likewise undisputed that the representatives of the local press were present at the meeting and portions of the defamatory statement were republished and reported in the Concord Transcript and the Contra Costa Times which have a large circulation in Contra Costa County where the event took place and where both parties live and work. Appellant requested a public retraction of the derogatory statement; however, respondent failed to publicly retract and instead wrote a letter of apology.

After a five-day jury trial, the trial court granted respondent's motion for a directed verdict on the ground that the defamatory statement was absolutely privileged pursuant to Civil Code,[2] section 47, subdivisions 1 and 2, because respondent acted in his capacity as the administrator of the school district and the defamatory words were spoken during a regularly called meeting and in connection with the proceedings.

The principal issue awaiting determination on appeal is whether in the situation here presented respondent was exempt from liability on account of the absolute privilege accorded by section 47.

█ Section 47 provides in pertinent part that a privileged publication or broadcast is one made: 1. in the proper discharge of an official duty, and

---

[1]Although the settled statement fails to set out fully the defamatory statement in question, the first amended complaint appearing in the clerk's transcript alleges that respondent made the following remark: "We know you very well, Mr. Frisk, from the Richmond school system. *You are a weak link in that system;* you never know what you are talking about. *You aren't any better a lawyer than you are a teacher. You are incompetent. Somebody has wasted money to hire you to come here.* Sit down. You're a rabble-rouser and an agitator." (Italics added.)

[2]Unless otherwise indicated, all references will be made to the California Civil Code.

2. in any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law. Although the statute does not provide so explicitly, the cases make it clear that the privilege conferred by both subdivisions 1 and 2 of section 47 is an absolute one because it protects publications made with actual malice or with intent to do harm. (*Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 379 [295 P.2d 405]; *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484, 488 [104 Cal.Rptr. 650]; *Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861, 864-865 [100 Cal.Rptr. 656]; see also: 3 Rest., Torts, § 591, com. b; *Saroyan* v. *Burkett* (1962) 57 Cal.2d 706, 709-710 [21 Cal.Rptr. 557, 371 P.2d 293]; *White* v. *State of California* (1971) 17 Cal.App.3d 621, 626-628 [95 Cal.Rptr. 175]).

■ Respondent's claim of absolute immunity founded on subdivision 1 is obviously misplaced.[3] The California cases interpreting this provision leave no doubt that the absolute privilege under subdivision 1 is extended only to high ranking federal and state officials such as the President of the United States, governors of the states and territories, the members of the President's cabinet, heads of federal agencies, and comparable state officers (*White* v. *State of California, supra*). In defining the high ranking federal and state officials, the California Supreme Court has adopted section 591 of the Restatement of Torts which reads as follows: " 'The President of the United States and the Governor of any State or Territory thereof, cabinet officers of the United States and the corresponding officers of any State and Territory thereof are absolutely privileged to publish false and defamatory matter of another in the exercise of an executive function, if the matter has some relation to the executive proceeding in which the officer is acting.' " (*Saroyan* v. *Burkett, supra* at p. 710.) A school superintendent or secretary of a school board is clearly outside the above-defined cabinet level state officials.

■ Turning to respondent's second contention, we concede that the school board meeting in question may be deemed as an official proceeding authorized by law within the meaning of the statute. We pointed out in *Ascherman* v. *Natanson, supra* at page 865, that the phrase "in any other official proceeding authorized by law" embraced in section 47, subdivision 2(3), has been interpreted to encompass those proceedings which resemble judicial and legislative proceedings, such as transactions of administrative boards and quasi-judicial and quasi-legislative proceedings (cf. *Gunsul* v. *Ray* (1935) 6 Cal.App.2d 528, 530 [45 P.2d 248];

---

[3]We hasten to point out that at oral argument respondent's counsel, with commendable candor, conceded that the provisions of subdivision 1 are not applicable. We discuss the issue, however, since the trial court did grant the motion for directed verdict on this basis, in part.

*McMann* v. *Wadler* (1961) 189 Cal.App.2d 124, 129 [11 Cal.Rptr. 37]). Respondent aptly notes that a school board is in essence a local governing body. Education Code, section 921, specifically provides that "Every school district shall be under the control of a board of school trustees or a board of education." The board of school trustees has been held to be an administrative agency created by statute (*Paterson* v. *Board of Trustees* (1958) 157 Cal.App.2d 811, 818 [321 P.2d 825]). Consequently, its meetings held pursuant to statutory regulation (cf. Ed. Code, §§ 961-970) may be duly classified as official proceedings authorized by law within the purview of section 47, subdivision 2(3) and the case authorities thereunder.

The circumstance, however, that a defamatory statement has been made on a privileged occasion does not by itself compel the conclusion that absolute immunity should be granted. In a recent case decided after the filing of the present appeal, we underlined that the doctrine of privileged communications is not a rule but rather a tolerated exception which rests upon public policy. We said *"The* obvious *purpose of section 47 is to afford litigants freedom of access to the courts* to secure and defend their rights without fear of being harassed by actions for defamation [citations] *and to promote the unfettered administration of justice* even though as an incidental result it may in some instances provide an immunity to the evil-disposed and malignant slanderer [citations]. Thus, the application of the absolute privilege *on certain occasions* [citation] must be confined within narrow limits and the tendency of the courts is not to extend such limits unless the public policy upon which the privilege rests is found to exist in a new situation [citations]." (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 823-824 [106 Cal.Rptr. 718].) In accordance with these policy principles, we repeatedly emphasized that *the absolute privilege attaches only to a publication that has a reasonable relation to the action,* is permitted by law, *and,* more importantly, *if it is made to achieve the objects of the litigation* (*Bradley* v. *Hartford Acc. & Indem. Co., supra* at pp. 824-826).

What has been said relative to judicial proceedings is applicable with equal force to other official proceedings authorized by law, such as the school board meeting in question. Thus, the determinative issue in this case is not whether the defamation took place on a privileged occasion, but whether the defamatory statement was made to achieve the object of the meeting convened to discuss the school budget.

In an attempt to justify his intervention and the defamatory statement made therein, respondent produced evidence at the trial that the meeting

was chaired by Dr. Johnson, the vice president of the board, who was inexperienced as a chairman and was unable to control the meeting. Sensing a lack of firmness on the part of the chairman, appellant had risen on several occasions to speak. The meeting became increasingly boisterous and respondent, as secretary of the board, felt compelled to take control of the meeting and restore order.

Although respondent's showing of justification displays a noticeable infirmity upon its face, we express no opinion on whether the evidence produced by respondent would have been sufficient for the jury to find the requisite logical connection between the defamation and the objective of the meeting. In the instant case we are not invited to pass upon the sufficiency of evidence supporting a jury verdict but merely to determine whether in the situation here presented the trial court was justified in directing a verdict in favor of respondent. For the reasons which follow we are impelled to conclude that under the circumstances of the present case the direction of a verdict for respondent was erroneous and the judgment entered thereon cannot stand.

■ The rules governing the power of the trial court to direct a verdict are well established and have been enunciated in numerous cases. Accordingly, it has been repeatedly held that a directed verdict, similar to a nonsuit or a judgment notwithstanding the verdict, may be granted only when *disregarding conflicting evidence* and giving plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff. *Unless it can be said as a matter of law, that,* when so considered, *no other reasonable conclusion is legally deducible from the evidence,* and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, *the trial court is not justified in taking the case from the jury (Grafton* v. *Mollica* (1965) 231 Cal.App.2d 860, 862 [42 Cal.Rptr. 306]; *Hargiss* v. *Royal Air Properties, Inc.* (1962) 206 Cal.App.2d 414, 416 [23 Cal.Rptr. 683]; *Sweet* v. *Markwart* (1958) 158 Cal.App.2d 700, 705 [323 P.2d 192]).

■ In the face of these well-recognized principles the settled statement irrefutably discloses that appellant introduced evidence at the trial rebutting respondent's contention that the meeting was boisterous or was out of control. It goes without saying that in ruling on respondent's motion for a directed verdict appellant's evidence had to be given a conclusive effect and respondent's contrary proof created no more than a mere con-

flict in the evidence which, under the foregoing rules, had to be entirely disregarded.

■ But aside from this, the cases uniformly hold that even though a public officer in the first instance establishes the existence of a privileged occasion for a defamatory publication, he may nevertheless be subject to liability if plaintiff persuades the fact finder that the occasion was abused. *The question of whether a privileged occasion was abused is for the determination of the jury* unless the facts permit but one conclusion (*Montgomery* v. *City of Philadelphia* (1958) 392 Pa. 178 [140 A.2d 100, 103-104]; *McGaw* v. *Hamilton* (1898) 184 Pa. 108 [39 A. 4, 6]; *Williams* v. *Standard-Examiner Pub. Co.* (1933) 83 Utah 31 [27 P.2d 1]; 40 A.L.R.2d, pp. 945-946). ■ The facts of the instant case do permit drawing more than one conclusion and the question of whether the privileged occasion was abused cannot be determined as a matter of law.

The cases relied upon by respondent in his post-hearing brief submitted with the permission of the court are unavailing and readily distinguishable from the instant case. Thus, *Deaile* v. *General Telephone Co. of California* (1974) 40 Cal.App.3d 841 [115 Cal.Rptr. 582] dealt with the issue of qualified privilege accorded under section 47, subdivision 3, while *Thornton* v. *Rhoden* (1966) 245 Cal.App.2d 80 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152], *Pettitt* v. *Levy, supra,* 28 Cal.App.3d 484, and *Scott* v. *McDonnell Douglas Corp.* (1974) 37 Cal.App.3d 277 [112 Cal.Rptr. 609] all came up on demurrer. In addition, in consonance with the principles espoused in *Bradley,* all these cases hold that, in order for the absolute privilege to attach, the publication must bear a reasonable relation to the action. In this context it is well to note that in *Thornton* the court cited *Irwin* v. *Newby* (1929) 102 Cal.App. 110, 116 [282 P. 810, 283 P. 370], stating " 'that if the defamatory words "have no relation or reference to the cause in hand or to any subject matter involved therein," then such defamatory words are not *in fact* published *in a judicial proceeding* even though such defamatory words are published during the progress of a trial and in the very courtroom where the cause is on trial.' " (*Thornton* v. *Rhoden, supra* at pp. 89-90.) *Bradley,* in fact, is a further elaboration of the precepts stated in the previous cases, including *Thornton,* making it imperative that in order to be privileged, *the defamatory utterance must be in the furtherance of the objective of the proceeding.* It likewise bears emphasis that in all the cases cited by respondent there was a close connection between the defamatory statement and the object of the proceeding. This is especially true with regard to *Scott,* where plaintiff was an employee of the city and the defamatory matter was pronounced during

the course of the meeting of the city council which had unquestionable authority to criticize its own employee and scrutinize his qualification or competence. By contrast, appellant here was not in the employ of the Diablo School District at all, was not seeking an adjudication of any sort from that school board, and his qualification or competence as a teacher or attorney was not properly before that board.

Respondent's further contention that the appeal at hand should be dismissed for the late filing of the settled statement (cf. rules 7 and 10(a), Cal. Rules of Court) may be summarily disposed of. It is elementary that a dismissal of an appeal under rule 10(a) is discretionary with the appellate court and, as a well-established judicial policy, the appeal will not be dismissed on such ground unless there is an adequate showing that the delay resulted in manifest injustice or prejudice to the moving party (*Bucy* v. *New Amsterdam Cas. Co.* (1956) 139 Cal.App.2d 424, 428 [293 P.2d 486]). Respondent here has failed to make such a showing.

In view of our conclusion, the additional arguments raised in the briefs need not be discussed.

The judgment is reversed.

Taylor, P. J., and Rouse, J., concurred.