[Civ. No. 48514. Second Dist., Div. Four. Sept. 16, 1976.]

LAWRENCE SPIRA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
GILBERT PERSON, Real Party in Interest.

**COUNSEL**

Scheinman & Bell and Saul Reiss for Petitioners.

No appearance for Respondent.

Meyer Berkowitz for Real Party in Interest.

OPINION

**KINGSLEY, Acting P. J.**—Petitioners, as creditors of defendant SPK Corporation, sued that corporation, the real party in interest, and other persons, to set aside two allegedly fraudulent conveyances. In that complaint and in an amended complaint, in addition to allegations common to such litigation, plaintiffs pled that the real party in interest had never disclosed the allegedly fraudulent payments to him in his federal or state income tax returns. On motion of the real party in interest those allegations were stricken from the complaint. Thereafter, real party in interest filed a cross-complaint against petitioners and various fictitious cross-defendants referred to as attorneys for the petitioners. That cross-complaint sought recovery for invasion of privacy, based upon the inclusion in petitioners' pleadings of the allegations above referred to. Petitioners demurred to the cross-complaint; their demurrer was overruled; the present petition for a writ of prohibition or mandate followed. We issued an alternative writ;[1] the matter has been fully considered. For the reasons set forth below, we direct the issuance of a peremptory writ of mandate as prayed.

Section 47 of the Civil Code grants an absolute privilege regarding statements made in connection with a judicial proceeding.[2] The statements herein involved were made purely in the context of a lawsuit, being contained in the complaint and amended complaint originally filed. Thus we have no problem concerning newspaper publicity, press conferences or similar kinds of publication. All that is required, in order to bring such a publication within the privilege is (a) that the statement be relevant to the litigation; and (b) that it be made to achieve the objects of the litigation. (*Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861, 865 [100 Cal.Rptr. 656] and cases cited.) And, if the publication meets those tests, it is immaterial that the publisher may have acted with malice. (Prosser on Torts (3d ed.) p. 877.)

[1]The propriety of review in this proceeding was determined by the issuance of our alternative writ. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 94, p. 3870.)

[2]"A privileged publication or broadcast is one made—

"1. In the proper discharge of an official duty.

"2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law; provided, that an allegation or averment contained in any pleading or affidavit filed in an action for divorce or an action prosecuted under Section 137 of this code made of or concerning a person by or against whom no affirmative relief is prayed in such action shall not be a privileged publication or broadcast as to the person making said allegation or averment within the meaning of this section unless such pleading be verified or affidavit sworn to, and be made without malice, by one having

■ The publications herein involved, meet the two requirements above set forth.

(1) The fact that a person, allegedly the recipient of considerations from an insolvent corporation, has failed to report them in his tax returns has some materiality on the issue of the *bona fides* of the transactions. While petitioners, not having appealed from or attacked the order striking the questioned allegations, do not here challenge the correctness of that order, it is not material that that order issued. If for no other reason, the questioned allegations were improper pleading as being the pleading of evidentiary and not of ultimate facts. But poor pleading of matter, even though evidentiary, which is potentially of significance to the lawsuit, does not render it irrelevant.

(2) Real party in interest argues that, in their argument to the trial court, petitioners stated that they had pled the questioned matter in the hope that it might induce some investigation of real party in interest by the taxing authorities. We do not so read the statements relied on. They were made in support of petitioners' theory that the tax returns in question might, by reason of that or other possibility, be made public and, thus, admissible in evidence in spite of the statutory rules making tax returns privileged in most situations.[3] In any event, the fact that a pleader may have difficulty in sustaining an allegation in a pleading does not make that allegation irrelevant to his case.

The alternative writ is discharged. Let a peremptory writ of mandate issue, directing the respondent court to vacate its order of March 19,

reasonable and probable cause for believing the truth of such allegation or averment and unless such allegation or averment be material and relevant to the issues in such action.

"3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information.

"4. By a fair and true report in a public journal, of (1) a judicial, (2) legislative, or (3) other public official proceeding, or (4) of anything said in the course thereof, or (5) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant shall have been issued.

"5. By a fair and true report of (1) the proceedings of a public meeting, if such meeting was lawfully convened for a lawful purpose and open to the public, or (2) the publication of the matter complained of was for the public benefit."

[3] We hardly can take seriously the idea that a person desiring to induce a criminal prosecution for tax evasion would proceed by an allegation tucked away in the middle of a pleading in a private lawsuit!

1976, in its case No. A-C136,258, and enter a new and different order sustaining petitioners' demurrer to the cross-complaint.

Dunn, J., and Jefferson (Bernard), J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied November 12, 1976.