[No. B015207. Second Dist., Div. Four. Mar. 17, 1987.]

PAUL W. CAYLEY et al., Plaintiffs and Appellants, v.
JOHN H. NUNN, et al., Defendants and Respondents.

**COUNSEL**

David S. Kirbach for Plaintiffs and Appellants.

Michael C. Donaldson for Defendants and Respondents.

**OPINION**

**KINGSLEY, Acting P. J.**—The Nunns and Cayleys were neighbors in Rancho Palos Verdes. The Nunns applied for a height variance to add a bedroom over their garage. The Cayleys opposed the construction, claiming the addition would block their scenic view. The planning commission denied the variance. The Nunns appealed to the city council, and in preparation for the hearing, they circulated a petition to evidence neighborhood support for their position. At the city council hearing the Nunns presented expert and lay testimony, and they presented their petition. The city council approved the height variance and the Cayleys brought suit against the city of Rancho Palos Verdes, and the Nunns as real parties in interest. The Cayleys' writ was denied, the Cayleys appealed, and the writ was denied by the Court of Appeal. The Cayleys then sued the Nunns for a permanent injunction, damages and legal fees for failure to follow the covenants and restrictions. The Nunns obtained a summary judgment, the Cayleys appealed, and the judgment was affirmed.

Appellants herein, Cayleys, then sued for denial of their constitutional rights and slander. The Cayleys allege that the Nunns made certain slanderous comments. The Cayleys claim that "John Nunn said that the telephone people came to the Cayley house and found his telephone line in the Cayley's house and that the Cayleys had connected illegal wires to a listening device, and that is how they tapped his phone."

Defendants Nunns were granted summary judgment on the grounds that the alleged slander is absolutely privileged under Civil Code section 47.

Civil Code section 47 reads in pertinent part as follows: "A privileged publication or broadcast is one made—

"· · · · · · · · · · · · · · · · · · ·

"2. In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure; . . ."

█ The privilege of Civil Code section 47, subdivision 2 is unaffected by malice. (*Tiedmann* v. *Superior Court* (1978) 83 Cal.App.3d 918, 924 [148 Cal.Rptr. 242].) The absolute privilege of Civil Code section 47, subdivision 2, has been held to apply when (1) the publication is made in a judicial proceeding, (2) has some logical relation to the action, (3) was made to achieve objects of the litigation, and (4) involved litigants or other participants authorized by law. (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818 [106 Cal.Rptr. 718].)

█ Therefore, the question before the court is whether the absolute privilege of Civil Code section 47, subdivision 2 applies to the above alleged slanderous remarks made by defendants to potential petition signers, where the remarks were made while defendants were circulating a petition to be given to the city council, and where the purpose of the petition was to support defendants' request for a height variance. In order to determine these questions we must first determine whether the privilege attaches to city council proceedings. Secondly, if the privilege of Civil Code section 47, subdivision 2 attaches to city council proceedings, we must determine whether the privilege will be extended to alleged slanderous remarks where the remarks were made to the neighbors by defendants, while defendants were circulating a petition that defendants were planning to use to support their request for a height variance at a city council meeting.

█ First, the privilege of Civil Code section 47, subdivision 2 applies to local city council proceedings. (*Scott* v. *McDonnell Douglas Corp.* (1974) 37 Cal.App.3d 277, 280, 285, 286 [112 Cal.Rptr. 609].) The privilege which applies to city council proceedings also applies to those before a city planning commission where certain property owners filed a written protest before the city planning commission against the plaintiffs' application for a use variance. (*Whelan* v. *Wolford* (1958) 164 Cal.App.2d 689 [331 P.2d 86].)

█ Second, communications made prior to a legal action itself are privileged if they have some logical connection to the suit and are made to achieve

the objects of the litigation. (*Lerette* v. *Dean Witter Organizations, Inc.* (1976) 60 Cal.App. 3d 573 [131 Cal.Rptr. 592].) It is unnecessary that the defamatory matter be relevant or material to the issue before the tribunal but need only have some proper connection or relation to the proceedings. (*Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861, 865 [100 Cal.Rptr 656].) The privilege applies even where made outside the courtroom and no function of the court or its officers is involved. (*Ascherman* v. *Natanson, supra,* 23 Cal.App.3d 861, 865.) The privilege embraces preliminary conversations attendant upon such proceeding so long as they are in some way related to or connected to the pending or contemplated action. (*Tiedmann* v. *Superior Court,* (1978) 83 Cal.App.3d 918, 925 [148 Cal.Rptr. 242].) As the court said in *Brody* v. *Montalbano* (1978) 87 Cal.App.3d 725 at page 734 [151 Cal.Rptr. 206] quoting from *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484, 490, 491 [104 Cal.Rptr. 650]: " 'To accomplish the purpose of judicial or quasi-judicial proceedings, it is obvious that the parties or persons interested must confer and must marshal their evidence for presentation at the hearing. The right of private parties to combine and make presentations to an official meeting and, as a necessary incident thereto, to prepare materials to be presented is a fundamental adjunct to the right of access to judicial and quasi-judicial proceedings. To make such preparations and presentations effective, there must be an open channel of communication between the persons interested and the forum, unchilled by the thought of subsequent judicial action against such participants; provided always, of course, that such preliminary meetings, conduct and activities are directed toward the achievement of the objects of the litigation or other proceedings. . . .' "

To partake in the privilege a publication need not be pertinent, relevant or material in a technical sense to any issue in the proceedings. (*Thornton* v. *Rhoden* (1966) 245 Cal.App.2d 80, 90 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152], *Brody* v. *Montalbano, supra,* 87 Cal.App.3d 725.) The privilege is denied to any participant in legal proceedings only when the matter is so palpably irrelevant to the subject matter that no reasonable man can doubt its irrelevancy and impropriety. (*Profile Structures, Inc.* v. *Long Beach Bldg. Material Co.* (1986) 181 Cal.App.3d 437, 443 [226 Cal.Rptr. 192].)

 In the case at bench it is clear that the alleged slanderous statements were made during preliminary conversations while defendants were marshalling evidence and preparing for their presentation at the city council meeting. Therefore, defendants' statements cannot be considered irrelevant to the proceedings and they were directed toward the achievement of the objects of the proceeding.

 A question remains as to whether the connection or relation to the proceeding can be determined on a motion for summary judgment.

Although a case has language to suggest that it is a jury question as to whether there was a logical connection between the defamatory statement and the objective of the meeting[1] (see *Frisk* v. *Merrihew* (1974) 42 Cal.App.3d 319 at p. 325 [116 Cal.Rptr. 781, 85 A.L.R.3d 1128]), in the case at bench appellants Cayleys alleged the relation or connection between the defamatory statement and the objective of the meeting in the complaint itself. In *Profile Structures, Inc.* v. *Long Beach Bldg. Material Co.*[2], *supra*, 181 Cal.App.3d 437, 441-443, the appellate court found a sufficient connection or relation to the proceedings from the complaint where a demurrer had been sustained without leave to amend by the lower court and the action had been dismissed. The appellate court said (at p. 443), "[I]f the complaint herein shows on its face that the privilege was applicable, the demurrer was properly sustained."

In the case at bench the complaint showed on its face the connection or relation between the alleged defamatory remark and the city council proceeding to consider a height variance. The complaint reads in pertinent part:[3]

"17. The defendants Nunn did communicate to numerous persons, including neighbors and members of the Rancho Palos Verdes City Council, general allegations of criminal and moral improprietous acts by the plaintiffs Cayley. Specifically, the plaintiffs Cayley, on information and belief, allege that the defendants Nunn stated to the persons aforedescribed that the Cayleys placed and maintained an illegal 'wire-tap' on the Nunns household phone. Said statement is defamatory *per se* because it accuses the plaintiffs Cayley of (1) a felonious criminal act and (2) morally reprehensible conduct which would hold that the plaintiffs Cayley up to public contempt, obloquy and ridicule in the community.

---

[1]*Frisk* reads in pertinent part (at pp. 324-325): "In an attempt to justify his intervention and the defamatory statement made therein, respondent produced evidence at the trial that the meeting was chaired by Dr. Johnson, the vice president of the board, who was inexperienced as a chairman and was unable to control the meeting. Sensing a lack of firmness on the part of the chairman, appellant had risen on several occasions to speak. The meeting became increasingly boisterous and respondent, as secretary of the board, felt compelled to take control of the meeting and restore order. [¶] Although respondent's showing of justification displays a noticeable infirmity upon its face, we express no opinion on whether the evidence produced by respondent would have been sufficient for the jury to find the requisite logical connection between the defamation and the objective of the meeting. In the instant case we are not invited to pass upon the sufficiency of evidence supporting a jury verdict but merely to determine whether in the situation here presented the trial court was justified in directing a verdict in favor of respondent. For the reasons which follow we are impelled to conclude that under the circumstances of the present case the direction of a verdict for respondent was erroneous and the judgment entered thereon cannot stand."

[2]*Profile Structures,* an abuse of process case, pointed out that the privilege of Civil Code section 47, subdivision 2, applies to several tort decisions, including abuse of process.

[3]We take judicial notice of the complaint. (Evid. Code, § 352.)

"18. The immediate purpose of such slander was to expose the plaintiffs, and each of them, to hatred, contempt, embarassment [*sic*], ridicule and obloquy, and to injure plaintiffs, and each of them, in their respective professions, so as to impair their individual and collective reputations and standing in the community and public and thereby to encourage the aforesaid neighbors to sign the Nunns petition to the Rancho Palos Verdes City Council for approval of Height Variance No. 170 and, if applicable, to repudiate prior support of the plaintiffs Cayley in their efforts to lawfully prevent construction of the proposed Nunn addition.

"19. The defendants Nunn, and each of them, similarly and unlawfully, attempted and succeeded in their attempt to influence the outcome of the City Council vote on the Nunn Height Variance No. 170 appeal, by using the petition so garnered with signatures obtained by the aforesaid slander and by informally and directly communicating the aforedescribed slander and defamation to members of the Rancho Palos Verdes City Council.

"20. As a result of said slander and other wrongful conduct of defendants, the Rancho Palos Verdes City Council reversed the prior decision of the Rancho Palos Verdes Planning Commission."

■ We also note that in ruling on a summary judgment, a plaintiff cannot rely on the complaint, and a defendant cannot rely on the answer, but either party can rely on the other's pleading. (*Joslin* v. *Marin Mun. Water Dist.* (1967) 67 Cal.2d 132, 147, 148 [60 Cal.Rptr. 377, 429 P.2d 889].) Therefore, defendants here can rely on plaintiffs' allegations in their complaint to show a connection between the remarks and the privileged proceeding, in determining the propriety of a summary judgment. And, as we said before, by plaintiffs' own admission in their complaint, the Cayleys' statements on wiretapping were made to "encourage the neighbors to sign the Nunns' petition" and to "attempt to influence the outcome of the city council vote." Therefore, plaintiffs themselves have alleged the relation and connection between the alleged slander and the privileged judicial or legislative proceeding. ■ Since there was a logical connection or relatedness between defendants' remarks and the city council proceedings, and the remarks were made while marshalling support of their position, defendants' remarks had the benefit of the absolute privilege of Civil Code section 47, subdivision 2, and the summary judgment is affirmed.

We do not agree that this is a frivolous appeal. Whether or not there was sufficient relation or connection between the alleged slanderous remarks made while circulating the petition and the privileged proceeding and whether or not this could be determined on a summary judgment and without a trial, were legitimate questions and not merely delaying tactics.

The judgment is affirmed.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied March 30, 1987.