No. 86-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

CHARLES MONTGOMERY,

Plaintiff and Respondent,

-vs-

DARREL L. HUNT and ANTHONY E. BROWN,

Defendants and Appellants.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patrick F. Flaherty, Great Falls, Montana

For Respondent:

Donald L. Shaffer, Libby, Montana

Submitted on Briefs: May 7, 1987

Decided: June 25, 1987

Filed: JUN 2 5 1987

*Ethel M. Harrison*

Clerk

Mr. Justice R.C. McDonough delivered the Opinion of the Court.

Darrel L. Hunt and Anthony E. Brown, defendants/appellants, appeal the judgment of the Nineteenth Judicial District Court awarding judgment to the plaintiff/respondent Charles A. Montgomery in the amount of $5,000 and denying Hunt and Brown's motion to discharge or in the alternative quash the writ of attachment and dismissing the counter claim of Hunt and Brown. The issue presented to this Court by Hunt and Brown is whether the District Court erred in issuing the writ of attachment. We affirm.

Hunt and Brown borrowed $5,000 from Montgomery and executed and delivered a promissory note as evidence of the debt. The note was due December 27, 1985 and was not paid on the due date. This action was commenced upon the note on January 3, 1986 and Montgomery moved the court for a writ of attachment filing an affidavit of attachment, and an attachment bond. Hearing was held on the same date by the court and Montgomery was sworn and testified. The court thereupon on the same date, made written findings, conclusions and order for Writ of Attachment to issue to attach two all-terrain vehicles as requested in the affidavit of attachment. Hunt and Brown filed a counter claim February 10, 1986, alleging damages in a sum in excess of $5,000 against Montgomery for breach of fiduciary duty, constructive fraud, creditor overreaching, wrongful attachment, and asked that their judgment be offset against the balance owed on the $5,000 note. In addition to the answer and counter claim, Hunt and Brown filed on the same date a motion to discharge or in the alternative to quash the writ of attachment.

A bench trial was had in the cause on June 30, 1986, and on July 22, 1986, the District Court handed down its findings

which granted judgment to the plaintiff plus interest and costs of action, which judgment has now been paid, finding that attachment was proper and dismissing the defendants' counter claim for lack of evidence.

Hunt and Brown in their brief allege the issues are:

1. Did the District Court err in issuing a writ of attachment when the note was secured by an alleged mortgage on real property?

2. Did the District Court err in ordering the issuance of the writ of attachment when the affidavit of attachment failed to show facts that the contract was not secured by any mortgage or lien upon real property and failed to state the actual value of the property to be attached both as required by § 27-18-202, MCA?

3. Whether attachment statutes are to be strictly construed?

4. Did the District Court err in failing to return judgment for Hunt and Brown on their counterclaim for damages for wrongful attachment?

Hunt and Brown claim the following wording in the note herein grants to Montgomery a real estate mortgage covering lots 23, block 2, West Troy:

> This note is given in connection with a certain other note and mortgage executed by the undersigned to secure a loan of $5,000 on 1. LOT 23 BLOCK 2 WEST TROY.
> 2. 1985 HONDA ATV 250 SE (Big Red).
> 3. 1985 HONDA ATV 250 SX
> 4. 1975 FORD 3/4 TON 4 x 4 ID. # TZ6YR X20471 AS SECURITY ON ABOVE CAPTION LOAN in the County of LINCOLN in the State of Montana; . . .

Also described as collateral are two all terrain vehicles which were the subject to the attachment. There was no other note and mortgage as mentioned in the executed note. There

is grave question as to whether or not this wording constitutes a hypothecation for real estate mortgage purposes. However, the parties do not dispute a security interest in the vehicles. The Uniform Commercial Code governs insofar as the personal property is concerned which states in § 30-9-501(4), MCA, as follows:

> If the security agreement covers both real and personal property the secured party may proceed under this part as to the personal property or he may proceed as to both the real and the personal property in accordance with his rights and remedies in respect of the real property in which case the provisions of this part do not apply.

It appears that Montgomery did elect to proceed under the UCC and under the UCC § 30-9-503, MCA, Montgomery as the secured party on the default had the right to take possession of the collateral and the alleged erroneous issuance of the writ of attachment to take possession of the collateral was harmless error.

The same reasoning may be applied to the second error assigned by Hunt and Brown in this appeal.

Hunt and Brown's third issue alleging that the attachment statutes are to be strictly construed also is not applicable to the facts here. As to the fourth issue which is contained in the conclusion of the appellants' brief, did the court err in failing to return judgment for Hunt and Brown in their counterclaim for damages for wrongful attachment?

Even assuming that the writ of attachment was improperly obtained because the note was secured by a mortgage of real property and for failure of the affidavit to state facts as required in said § 27-18-202, MCA, and assuming that the hearing on the issuance of the writ of attachment and the sworn testimony of Montgomery did not cure the defects in the

4

affidavit and no further oral motions were made to amend the affidavit of attachment as allowed by § 27-18-713, MCA, Hunt and Brown's counterclaim must fail. This is not a counterclaim and third party complaint on an attachment bond as provided by § 27-18-204, MCA. The surety was originally named as a third party defendant but was not served and later was dropped as a party. Such action on the attachment bond, cannot be brought in the attachment action but can only be brought after "defendant recovers judgment" in the attachment action or when "the court finally decides that the plaintiff was not entitled to an attachment." See Yellowstone Livestock Commission v. Dupuis (1958), 133 Mont. 454, 325 P.2d 691. The counterclaim is then premised upon the common law notions of malicious prosecution or abuse of process, which is a suit in tort. To recover on such a suit, two elements must be present and proved, malice and want of probable cause.

The record is entirely devoid of any proof in support of Hart and Brown's counterclaim relative to fiduciary relationship between the parties or of any constructive fraud or creditor overreaching on the part of Montgomery, and in fact the record does show that Montgomery did act in good faith in bringing the action and attempting the attachment and had probable cause. The court found the debt was owed to Montgomery by Hunt and Brown; that Montgomery was told that he could not have possession of the all-terrain vehicles when he asked for them after the debt became due and unpaid; and that plaintiff was informed by Hunt that Hunt and Brown were going to sell such vehicles. This action on their part would convert the tangible attachable property to cash which would then be practically unreachable by Montgomery.

Hunt and Brown failed to prove any malice (actual or legal) on the part of Montgomery. Proof of malice (actual or

5

legal) and want of probable cause are two essential elements of an action for wrongful attachment in tort. Attachment and Garnishment, § 596, 6 Am.Jr.2nd. Brown v. Guaranty Estates Corporation, (N.Car. 1954), 80 S.E.2d 645, Ray v. City Bank and Trust Co. (DC Ohio 1973), 358 F.Supp 630. The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6