NO.   94-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DAVE GEORGE, RICHARD GEORGE,
CHARLES W. HOPKINS, GREGG
WILLIAMS and BRIAN McCULLY,

     Plaintiffs and Respondents,

  v.

ALAN HAY and WI-HAUL WHOLESALE
DISTRIBUTORS, INC.,

     Defendants and Appellants.

FILED

MAY 4 - 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

         James C. Bartlett, Hash, O'Brien & Bartlett,
         Kalispell, Montana

     For Respondents:

         E. Eugene Atherton, Attorney at Law,
         Kalispell, Montana

Submitted on Briefs:  January 26, 1995

Decided:  May 4, 1995

Filed:

_____
       /Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Dave George, Richard George, Charles W. Hopkins, Gregg Williams, and Brian McCully filed a complaint against the defendants, Alan Hay and Wi-Haul Wholesale Distributors, Inc., in the District Court for the Eleventh Judicial District in Flathead County. In their complaint, plaintiffs alleged a breach of contract for services and that they were entitled to damages. The defendants answered and stated a counterclaim for wrongful attachment.

On December 2, 1993, after a trial, a jury found that Alan Hay individually hired plaintiffs and owed them compensation. The jury further found that plaintiffs did not wrongfully attach property of either defendant, and that plaintiffs did not abuse the writ of attachment process. Defendants appeal from the judgment entered pursuant to that verdict. We affirm the judgment of the District Court.

The following issues are raised on appeal:

1. Was there substantial evidence to support the jury's finding that plaintiffs did not wrongfully attach the defendants' property?

2. Was there substantial evidence to support the jury's damage award?

3. Did the District Court err by its admission or exclusion of evidence?

4. Did the District Court err when it entered judgment against both defendants?

FACTUAL  BACKGROUND

On December 31, 1991, plaintiffs filed a complaint against Alan Hay.  They alleged that Alan had breached his contract with them and that they were entitled to damages.  On the same date, plaintiffs also filed an *ex parte* request for a prejudgment writ of attachment and a supporting affidavit  in which they requested attachment of Alan's lumber which they had skidded, loaded, and hauled.  The writ was granted by the District Court on that date.

On January 6, 1992, Alan filed a motion to quash and discharge the writ of attachment for the reason that it was improperly or irregularly issued.  He alleged that plaintiffs had no contract with him; that he did not own any of the property described in the writ;  that the writ was issued *ex parte*; and that he was not given proper notice.  On January 17, 1992, the District Court granted Alan's motion and discharged the writ of attachment.

Plaintiffs amended their complaint on February 6, 1992, to add Wi-Haul Wholesale Distributors, Inc., as a defendant, based on the allegation that their contracts may have been with this entity.

On that date,  they also filed a second motion for a prejudgment writ of attachment and a supporting affidavit.  The District Court issued this writ.

On February 11, 1992, defendants filed answers to plaintiffs' amended  complaint,  and for a counterclaim,  alleged that their property had been wrongfully attached.

On February 24, 1992, plaintiffs filed a motion for summary judgment against both defendants on the issues raised by their

complaint. On June 9, 1992, the District Court granted plaintiffs' motion in part and held that there was no dispute that the defendant corporation owed all plaintiffs, other than Richard George, the amounts claimed in their complaint ($11,043.64). The court held that there were genuine issues of fact regarding Alan's liability, regarding the amount owed to Richard George, and regarding defendants' counterclaim, and therefore, denied summary judgment regarding those issues.

A jury trial began on November 30, 1993. On December 2, 1993, the jury found that Alan, individually, had hired each of the plaintiffs. The jury found that Alan owed David George $7234.04; Richard George $3510.49; Charles Hopkins $1420.62; Gregg Williams $577.41; and Brian McCully $1714.84. The jury found that plaintiffs did not wrongfully attach the property of either defendant, and that plaintiffs did not abuse the writ of attachment process. On March 7, 1994, the District Court entered its judgment against both defendants. Defendants appeal.

## ISSUE 1

Was there substantial evidence to support the jury's finding that plaintiffs did not wrongfully attach the defendants' property?

We will not overturn a jury verdict which is supported by substantial evidence. *Kitchen Krafters, Inc. v. Eastside Bank* (1990), 242 Mont. 155, 164, 789 P.2d 567, 572 (citing *Batchoff v. Craney* (1946), 119 Mont. 157, 172 P.2d 308).

Defendants argue that the first writ of attachment was wrongful, based on procedural flaws related to post-seizure

hearings, the necessary affidavit and evidence, and the inadequacy of the undertaking.

Plaintiffs concede that the first writ of attachment was procedurally flawed, but argue that it was later discharged by the District Court, and that it was not wrongful, as that term is defined by our prior cases.

In *Montgomery v. Hunt* (1987), 227 Mont. 279, 283, 738 P.2d 887, 889, we held that "[p]roof of malice . . and want of probable cause are two essential elements of an action for wrongful attachment in tort." Malice has been defined as "improper motive, . . [or] a wilful disregard of the rights of others . . . ." Thomas J. Goger, Annotation, *What Constitutes Malice Sufficient to Justify an Award of Punitive Damages in Action for Wrongful Attachment or Garnishment,* 61A. L . R . 3d 984, 990 (1975).

The jury was properly instructed regarding the procedural requirements for a writ of attachment and the requirement of malice for a finding of wrongful attachment. A review of the record reveals no evidence that plaintiffs acted with an improper motive or with a wilful disregard of defendants' rights.

For these reasons, we conclude that there was substantial evidence to support the jury's finding that the issuance of the writ of attachment in this case was not wrongful.

## ISSUE 2

Was there substantial evidence to support the jury's damage award?

Defendants contend that the amount awarded to Richard did not properly account for an offset which should have been applied for his rental of Alan's skidder.

However, Richard testified that in July 1991 he agreed to haul and skid logs for Alan and that Alan agreed to pay him an agreed rate for his services. He testified that he agreed to pay Alan $100 per day for the rental of Alan's skidder, but that after his services were completed and Alan was credited with the correct amount of rental payments, he was owed $3610.49 more for his services than he was, in fact, paid. He testified that that amount was still due at the time of trial.

The testimony of one witness is sufficient to prove any fact. Section 26-1-301, MCA. We conclude that Richard's testimony provided substantial evidence in support of the jury's award to him in the amount of $3510.49.

ISSUE 3

Did the District Court err by its admission or exclusion of evidence?

We held in *State v. Passama* (1993), 261 Mont. 338, 341, 863 P.2d 378, 380, that "[t]he standard of review of evidentiary rulings is whether the district court abused its discretion." (Citing *State v. Crist* (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054. The district court has broad discretion to determine whether or not evidence is relevant and admissible, and absent a showing of abuse of discretion, the trial court's determination will not be

6

overturned." *Passama*, 863 P.2d at 380 (citing *Crist*, 833 P.2d at 1054).

Defendants contend that the District Court admitted evidence of an offer to compromise, contrary to Rule 408, M.R.Evid. Rule 408 provides that:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount.

During the cross-examination of Alan, he was asked about a meeting attended by him, his brother, and the plaintiffs after their complaint was filed. Referring to Alan's brother, counsel for plaintiffs asked the following question, and was given the following answer:

*Q.* [BY MR. ATHERTON] What did he offer my people?

A. Let's get this resolved and let's get the people that really should be in this case involved, not all of us. We're just trying to make a living, just like you.

*Q.* Did your brother offer my people money on this meeting that occurred after I started representing them?

. . . .

THE WITNESS: No

We conclude that the cited colloquy did not include evidence of a promise to provide consideration to compromise the plaintiffs' claim, and therefore, was not inadmissible pursuant to Rule 408.

The defendants also contend that the District Court erred by excluding testimony from Charles Tustin which related to

7

out-of-court statements made to him by third persons, and by him to third persons.

Rule 802, M.R.Evid., provides that out-of-court hearsay statements are not admissible unless they come within an exception to the rule excluding hearsay evidence. After reviewing the District Court's evidentiary rulings pertaining to Tustin's testimony, we conclude that the District Court did not abuse its discretion by excluding testimony which amounted to hearsay evidence.

## ISSUE 4

Did the District Court err when it entered judgment against both defendants?

Defendants contend that judgment can only be entered against Alan because the jury found that plaintiffs had contracted with Alan, but did not find that Wi-Haul Wholesale was liable for the contract.

However, the District Court's summary judgment order had already established Wi-Haul's liability and the only issues which remained for the jury to resolve were: (1) Alan's liability; (2) the amount of Richard's damages; and (3) the merits of the defendants' counterclaim. All three issues were resolved by the jury in favor of the plaintiffs. The defendants have not appealed from the District Court's June 9, 1992, summary judgment order. Therefore, we conclude that the District Court did not err when it entered judgment against both defendants.

The judgment of the District Court is affirmed.

8

_____ Justice

We concur:

_____ Chief Justice

_____ Justices